## BARRINGER v. WARDEN et al.

Where a complaint shows *prima facie* upon the facts stated, that the claim or debt upon which suit is brought, is barred by the Statute of Limitations, the defendant may take advantage of the defect by demurrer.    But when the complaint does not directly show *prima facie* a case for the operation of the statute, a demurrer cannot be sustained on this ground.    This is the chancery rule, under the English system, and as our pleadings approximate more nearly to the chancery than the common law form, we have adopted the former.

The provision of the Statute of Frauds which requires the promise to pay the debt of another to be in writing, expressing the consideration, does not apply to the promise of A to pay money he owes by contract with B, to C.    This is paying A's own debt, and creating his own obligation, not assuming another's.

Where A, who is indebted to B, promises, in consideration of his release by B, to pay the amount to C, who is a party to the arrangement, it is a sufficient consideration to support such promise.

APPEAL from the Ninth District, County of Siskiyou.

This was an action to recover a sum of money.    The facts, as alleged in the complaint, are as follow :

Some time in the year 1856, J. A. Ripson sold to Matthias Woolsey an undivided one-sixth interest in a mining claim, and placed Woolsey in possession.    The transfer was in writing ; Woolsey was to pay six hundred dollars, so soon as his share of the claim should yield that amount of money, after deducting one dollar per day for expenses.

On the sixth day of November, 1856, Ripson assigned to plaintiff his claim on Woolsey for six hundred dollars, the amount Woolsey had agreed to pay for the interest purchased by him.    After this assignment from Ripson to plaintiff of the debt on Woolsey, the latter sold the one-sixth interest, which he had purchased of Ripson, to the defendants in this suit, at the same price and upon the same terms as those upon which he had purchased of Ripson.    Both Woolsey and the defendants had notice of the assignment from Ripson to plaintiff, and at the time of the sale from Woolsey to the defendants; and in consideration of such sale, and in further consideration that plaintiff would accept them as his debtors, and discharge Woolsey, the defendants undertook and promised to pay to plaintiff six hundred dollars, as soon as the one-sixth interest purchased by them should yield or be entitled to that sum, after deducting one dollar per day for expenses.    The complaint avers that the one-sixth of the claim purchased by defendants has yielded more than six hundred dollars, after deducting one dollar per day for expenses; and also avers, that on the —— day of May or June, 1858, the defendants sold and parted with their entire interest in the one-sixth of the claim purchased by them of Woolsey, but have failed and refused to pay the six hundred dollars to plaintiff.    This complaint was filed October 16th, 1858. To this complaint the defendants demurred on the grounds :

*First.* That it appears upon the face of the complaint, that the cause of action accrued more than two years prior to the commencement of the action ; and,

*Second.* That the agreement of the defendants to pay plaintiff the six hundred dollars, was void under the Statute of Frauds, being a promise on their part, not in writing, to pay the debt of another.

The Court below held that both grounds of demurrer were well taken, and gave judgment for the defendants, from which plaintiff appealed to this Court.

*Clark & Gass and Buckner* for Appellant.

I. Plaintiff did not become the assignee of the debt until November 6th, 1856, which was within two years next preceding the institution of the suit.   Defendants' promise to pay plaintiff being necessarily

Barringer *v.* Warden.

subsequent to plaintiff's acquiring the debt by assignment, their promise must have been within the two years. But there is still another reason why the Court erred in holding the cause of action to have accrued more than two years before the institution of the suit ; no right of action accrued until the working of the claim had yielded six hundred dollars, in addition to one dollar per day for the expense of working it, or until the defendants parted with their interest in it, and this is alleged to have been in May or June, 1858, four or five months only before the institution of the suit.

Again, in this case, the Statute of Limitations cannot be taken advantage of by way of demurrer. In Sublette *v.* Sinney *et al.*, (9 Cal. 423) this Court held, that where it appeared upon the face of a bill in equity, that the cause of action did not accrue within the time limited by the statute, that advantage might be taken of the statute by demurrer. In actions at law, however, the statute must be specially pleaded.

Upon the second ground of demurrer, the Court below equally erred in rendering judgment for the defendants.

II. The promise alleged in the complaint, and upon which this action is based, is not a promise by the defendants to pay the debt of Woolsey, but an original promise on their part, for a valuable consideration, to pay the purchase money of a claim purchased by them, to the plaintiff, instead of paying the same money to Woolsey, from whom the purchase was made. The debt was their own, and instead of paying the money to Woolsey, who would immediately have paid it to plaintiff, they agreed to pay it directly to plaintiff. If the payment by them to plaintiff would, in addition to satisfying their own debt to Woolsey, have also satisfied the debt from Woolsey to plaintiff, this is not a matter of which they can complain, or which is to their prejudice. The same result would have followed if they had paid the money to Woolsey, and he had paid the same money to plaintiff. In either case both debts would have been discharged, and in either case the debt was their own they were paying. This is not at all the case provided for by the Statute of Frauds, in which the promise is required to be in writing. The statute only covers the case where A, without being indebted to B, and without any consideration moving him thereto,

20

promises to pay the debt of B to C. That is not this case, where A purchases a house of B, and in consideration thereof, agrees to pay the price to C; he is only discharging his own debt, and such a case is not contemplated by the Statute of Frauds. Brewster *v.* Skelton, 8 Johns. 376.

No brief on file for Respondents.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., concurring.

The Court below erred in sustaining the demurrer to the complaint. Although it is true, that where a complaint shows *prima facie* upon the facts stated, that the claim is barred by the Statute of Limitations, the defendant may take advantage of the defect by demurrer, yet it must clearly so appear. In chancery, under the English system, this was the rule; at law it was otherwise; there the statute must have been pleaded; but as our pleadings approximate more nearly to the chancery than the common law form, we have adopted the equity rule. But when the complaint does not directly show *prima facie* a case for the operation of the statute, a demurrer cannot be sustained on this ground. In the present instance, the six hundred dollars were not to be paid absolutely at a given time, but this sum was to be paid as soon as the payor's share of the claim sold should yield that amount, after deducting one dollar per day for expenses; and there is no averment that this state of things happened within the statutory limit. Nor is the case, as stated, within the Statute of Frauds. That statute requires a promise to pay the debt of another to be in writing, expressing the consideration. But this requirement has no reference to a promise by A, to pay money he owes by contract with B, to C. This is his debt; the mere direction in which he pays it, not altering the character of the contract from an original obligation. There is no difference between a debtor promising to pay his creditor directly so much money which he owes him, and promising his creditor to pay a third person the same sum, by agreement between the three. The last promisor is paying his own debt, and creating his own obligation, not assuming another's. This has been often decided, and is too obvious

to require authority or further illustration to make the proposition evident.    Moreover, the promise to pay the six hundred dollars is averred to be a promise made to plaintiff, in consideration of plaintiff's discharge of Woolsey, his original debtor ; and this is a sufficient consideration to support a promise made directly from promisor to promisee.

Judgment is reversed and cause remanded.