[Civ. No. 7419.    Fourth Dist.    Feb. 16, 1965.]

DEWARD MILLSAP, Plaintiff and Appellant, v. SAN PAS-
QUAL UNION SCHOOL DISTRICT et al., Defendants
and Respondents.

Cline & Morrow and John A. Morrow, Jr., for Plaintiff and Appellant.

Orlando B. Foote, County Counsel, for Defendants and Respondents.

FINLEY, J. pro tem.*—Plaintiff Millsap appeals from a judgment of dismissal entered pursuant to plaintiff's refusal to amend his first amended complaint after a general demurrer thereto was sustained.

Plaintiff was employed by the San Pasqual Union School District as superintendent of the district, under a written contract, dated February 7, 1957, for a period of three years from July 1, 1957, to June 30, 1960. He began his duties on July 1, 1957, and continued until July 1, 1958, when pursuant to a resolution of the Department of Education, approving the formation of a new unified school district composed of the San Pasqual District and another district, and under the provisions of Education Code (1943) subdivision (b) of section 3418 and sections 3419 and 3420 (1959 Ed. Code, §§ 2230 and 2231), the San Pasqual Union School District ceased to exist. On July 1, 1958, plaintiff made application to the Board of Trustees of the new district for employment in any administrative position available, but was refused employment in any capacity. He then brought this action in which he pleaded four causes of action for breach of contract. Plaintiff concedes that the general demurrer was properly sustained as to counts 2 and 4 in which the nonexistent San Pasqual Union School District was made the defendant, but he contends that counts 1 and 3, naming the new unified school district, do state facts sufficient to constitute a cause of action.

█ The demurrer raised the issue of whether under the applicable statutes plaintiff's contract survived the old school district's dissolution and became an obligation of the new district. We find that it did not.

The unification here was effected under statutes passed by the Legislature in 1955 (Stats. 1955, ch. 1140) and in effect when the contract here in question was formed. Appellant's

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

contract incorporated all applicable laws then in existence, both by the general rule (*Alpha Beta Food Markets, Inc.* v. *Retail Clerks Union*, 45 Cal.2d 764, 771 [291 P.2d 433]; *Castleman* v. *Scudder*, 81 Cal.App.2d 737, 740 [185 P.2d 35]; *Martin* v. *Fisher*, 108 Cal.App. 34, 39-40 [291 P. 276]), and by an express provision in the contract, paragraph 6, specifically incorporating all applicable laws. Therefore, existent laws affecting the obligations under the contract became part of the contract. The provisions of chapter 1140, Statutes of California, 1955 pertaining to unification became mandatory on February 1, 1957. Until that date unification could be accomplished by an optional reorganization as provided in chapter 16, division 2 of the Education Code of 1943 (commencing at § 4871). Under the optional reorganization statutes, specific provisions were made for the continuation in employment by the new school district of superintendents in the appellant's circumstances. The same provisions, however, were not incorporated where the reorganization was accomplished under the mandatory provisions. The provisions of the optional reorganization plan pertaining to continuation of employment of superintendents do not apply to mandatory unification proceedings. (31 Ops. Cal. Atty. Gen., 117, 118.)

The appellant contends that section 4669 of the Education Code of 1943 imposes the obligations of the old school district upon the new school district, including the obligations of the instant contract. Section 4669 reads:

"FUNDS, PROPERTY AND OBLIGATIONS: ELEMENTARY, HIGH SCHOOL OR JUNIOR COLLEGE DISTRICTS WITHIN UNIFIED DISTRICT. Whenever any unified school district is created, all funds, property, and *obligations* of the elementary, high school, or junior college districts lying wholly within the unified school district shall become the funds, property, and obligations of the unified school district except as provided in sections 4667 and 4668." [Italics added.]

Though the word "obligations" is broad enough to include the instant contract, apparently the Legislature intended otherwise. In article 6 of chapter 14, the same chapter wherein section 4669 appears, the Legislature has provided for continuance of employment of employees. No provision is found for continuance of employees with the appellant's status. The omission appears to be intentional when the provisions for continuance of employees under the optional plan in chapter 16 are compared. Specific provisions are made for an employee with appellant's status under chapter 16. Apparently the

Legislature considered that the difference of treatment would facilitate the unification procedure under the optional reorganization provisions by holding out a provision for continued employment to those administrators who would not obstruct voluntary reorganization of their districts. The optional provisions of chapter 16 also include a provision making the property, funds, and *obligations* of a component district, included within a unified district, the property, funds and obligations of the unified district. This is the same provision as is found in section 4669. ■ The specific provisions dealing with whose employment will be continued control over the more general provisions dealing with what obligations will be continued. (*Richardson* v. *City of San Diego,* 193 Cal.App.2d 648, 651 [14 Cal.Rptr. 494].) ■ Further indication of the Legislature's intent not to impose the obligation of employment of a district superintendent on the new school district after a mandatory unification is evidenced by the Legislature's acquiescence in the Attorney General's opinion, dated March 18, 1958, and found in 31 Opinions of the California Attorney General 117, 118. There the Attorney General considered the precise question involved here and concluded that after a mandatory unification a district superintendent may not enforce his unexpired contract with the old against the new school district. It was said in *Meyer* v. *Board of Trustees,* 195 Cal.App.2d 420 at p. 432 [15 Cal.Rptr. 717], that: "It must be presumed that the aforesaid interpretation has come to the attention of the Legislature, and if it were contrary to the legislative intent that some corrective measure would have been adopted in the course of the many enactments on the subject in the meantime. [Citations.]"

Because the opinion was rendered almost seven years ago and because all the provisions herein discussed were reenacted in the same form in the 1959 Education Code, the principle above quoted is applicable to the instant case.

By the incorporation of the statutory provisions into the appellant's employment contract, the limitations implicit in those provisions became terms of the employment contract itself.

We therefore find that the appellant's contract did not survive the old school district's dissolution and was not by its own terms enforceable against respondent, the new unified district. The demurrer was properly sustained and the judgment of dismissal is affirmed.

Coughlin, Acting P. J., and Brown (Gerald), J., concurred.