Margherita C. Knapp, appellee, v. School District No. 109R, a body corporate, et al., appellants.

207 N. W. 2d 223

Filed May 11, 1973. No. 38759.

L. Bruce Wright of Cline, Williams, Wright, Johnson & Oldfather and Sara Jane Cunningham, for appellants.

Russell, Colfer, Lyons, Wood & Carroll, for appellee.

Heard before White, C. J., Spencer, Boslaugh, Smith, McCown, Newton, and Clinton, JJ.

Smith, J.

Plaintiff claimed damage from breach of a contract by a school district to employ her as a teacher. After trial to the District Court judgment was entered for plaintiff and against defendant district, the successor of the allegedly contracting district. Defendant school district appeals. It contends that (1) plaintiff failed to notify the school board of her acceptance of the renewal offer and (2) it was not subject to liability for breach of contract by its predecessor.

The alleged renewal contract provided for employment of plaintiff by School District No. 107 of Red Willow County and Frontier County, a Class II district, during the school year 1968-69. At the commencement of the year 1968-69 district No. 107 refused performance tendered by plaintiff. In 1969 defendant district, by petition for merger, was created from all territory of district No. 107 and School District No. 2 of Red Willow County. The statutory requirement of notification by

plaintiff of renewal of her contract for 1968-69 is no longer in force. See, Laws 1965, c. 528, § 1, p. 1660; § 79-1254, R. R. S. 1943. A statement of facts and reasons for our conclusion on the issue of notification of acceptance of renewal raised by the district would therefore gain nothing. The evidence was sufficient to support the finding by the District Court.

Under statutory provisions for the merger defendant district succeeded to all property and other assets of the former districts. It also became responsible for all their unbonded indebtedness. See § 79-414, R. R. S. 1943. It argues that only former district No. 107, by analogy to the law of private business corporations, is liable on plaintiff's claim, notwithstanding the dissolution.

The argument of defendant is not persuasive. Under the foregoing statutory provisions and without a legislative declaration to the contrary, the new district becomes liable for all breaches of contract by the former districts, if the latter would have been liable. See, Antieau, Independent Local Government Entities, § 30C.04, p. 30C.11 (1970); cf. 2 McQuillin, Municipal Corporations, §§ 8.14 to 8.17, pp. 576 to 587 (3d Ed., Rev., 1966); but cf. Millsap v. San Pasqual Union School Dist., 232 Cal. App. 2d 333, 42 Cal. Rptr. 778 (1965).

The judgment of the District Court against the school district is affirmed.

AFFIRMED.