[No. 9023. Department Two. — December 21, 1885.]

HUGH KELLEY, APPELLANT, *v.* M. KRIESS, RESPONDENT.

PLEADINGS — COMPLAINT — FAILURE TO STATE CAUSE OF ACTION — OBJECTION TO HOW TAKEN. — If a complaint fails to state facts sufficient to constitute a cause of action, advantage may be taken of the defect by demurrer, by motion for judgment on the pleadings, or upon motion for a new trial.

Id. — Judgment on Pleadings — Defendant when Entitled to. — Where the plaintiff has a good cause of action, which by accident or mistake he has failed to set out in his complaint, the court, on a motion for judgment on the pleadings, should, on his application so to do, permit him to amend; but if he fail to make such an application, the defendant is entitled to judgment on the pleadings.

Id. — Statute of Limitations — Defense of, how Taken — Waiver. — The defense of the statute of limitations is a personal privilege, and must be taken advantage of by demurrer or answer. Otherwise it is deemed to be waived.

Injunction to Restrain Legal Proceedings — When does not Lie. — Proceedings at law will not be restrained by injunction, if the party applying therefor has lost his defense at law through his own negligence, or has omitted to move for a new trial within the time required by law.

Id. — Execution of Judgment — When Enjoined. — A judgment debtor is entitled to an injunction restraining the execution of a judgment at law, if the grounds upon which the injunction is sought could not have been made a defense to the former action, or if he was prevented from making the defense by reason of the fraudulent conduct of the judgment creditor.

Id. — Fraud of Judgment Creditor — Pleading. — The action was brought to restrain the execution of a judgment against the plaintiff, on the ground that it was obtained by reason of the fraudulent acts and misrepresentations of the defendant. The complaint examined, and *held* to state facts sufficient to constitute a cause of action.

Appeal from a judgment of the Superior Court of San Mateo County.

The facts are stated in the opinion.

*Fox & Ross,* and *Joseph Mee,* for Appellant.

*George H. Buck, George E. Filkins, Horace Hawes, Milton E. Babb,* and *A. Teague,* for Respondent.

Searls, C. — This is an action to obtain a perpetual injunction, restraining defendant from enforcing a certain judgment held by him against plaintiff.

Upon motion of counsel, defendant herein had judgment in the court below, upon the pleadings, from which plaintiff appeals.

Appellant makes the point that a motion for judgment on the pleadings, by the defendant, cannot be entertained in a case where no affirmative relief is demanded in the answer; that such is not the appropriate method of

reaching the objection. that the complaint does not state facts sufficient to constitute a cause of action, and cites, among other authorities, to sustain his position, *Watson* v. *S. F. & H. B. R. R. Co.*, 50 Cal. 524, and *De Uprey* v. *De Uprey*, 27 Cal. 330.

We are of opinion the point is not well taken. If a complaint fails to state facts sufficient to constitute a cause of action, advantage may be taken of the defect by demurrer, by motion for judgment on the pleadings, or upon a motion for new trial. In *King* v. *Montgomery*, 50 Cal. 115, it was held that when a cause is called for trial, the action may be dismissed on motion of defendant, if the complaint does not contain a cause of action, and the plaintiff declines to amend.

If plaintiff has a good cause of action, which by accident or mistake he has failed to set out in his complaint, the court, on motion for judgment on the pleadings, should, on his application so to do, permit him to amend; but failing to make such application, there can be no good reason for proceeding to trial, in a cause where, admitting all the facts charged as true, the plaintiff is still not entitled to a judgment.

A complaint which imperfectly states a cause of action, or which unites two or more causes of action, without stating them separately, or which is ambiguous, unintelligible or uncertain, differs widely from one which utterly fails to show that plaintiff has *any* cause of action. The former presents a case in which it appears the plaintiff has a cause of action, but which is defectively set out, and there, the defect appearing on the face of the complaint, and it appearing that the court has jurisdiction, objection must be taken by demurrer, or it is waived.

It is to this class of cases that the decisions quoted by appellant refer, and not to those in which it cannot be gathered from the face of the complain that plaintiff has or can have a cause upon which to recover.

2. The only remaining question to be determined is as to the sufficiency of the complaint.

Respondent claims that as more than three years elapsed between the entry of the judgment against plaintiff and the institution of this action, the cause of action is barred by the statute of limitations, prescribing three years as the limit for actions founded upon fraud.

Under our system of practice, he who would avail himself of the privilege of the statute of limitations must do so by a demurrer or answer. (*Grattan* v. *Wiggins*, 23 Cal. 16; *Smith* v. *Hall*, 19 Cal. 85; *Smith* v. *Richmond*, 19 Cal. 476; *Sublette* v. *Tinney*, 9 Cal. 423; *Berringer* v. *Warden*, 12 Cal. 311.) No such objection having been taken in this cause, it is to be deemed as waived.

It appears from the complaint, the allegations of which for the purposes of the decision must be taken as true, that one David Flynn was indebted to M. Kriess, the defendant in this cause, in the sum of $437, for which amount he and this plaintiff gave their promissory note to defendant. Plaintiff was in reality but a surety for Flynn, and signed the note without consideration, and as an "accommodation surety" for said Flynn, all of which was well known to the defendant Kriess.

Flynn afterward sold certain personal property to Kriess, sufficient to pay all of the note except $137, the value of which Flynn directed and Kriess agreed to indorse upon the note, but did not do so, and credited the same on other demands by him held against Flynn. Upon the maturity of the note, Kelley urged Kriess to bring suit thereon against Flynn, who at that time had property sufficient to pay the same.

The complaint then recites certain efforts made by plaintiff to procure a settlement and adjustment of the note between Kriess and Flynn.

On the 18th day of April, 1879, Kriess brought suit in the District Court in and for the county of San Mateo, on the note against Flynn and this plaintiff, sued out a writ of attachment, and caused the same to be levied upon sufficient property of Flynn to satisfy the demand.

Plaintiff was served with summons in that cause, and thereupon called upon Kriess, who in a conversation said he had sued for but did not expect to recover the whole amount of the note; that this plaintiff need give himself no uneasiness about the suit, as the claim was abundantly secured under the attachment; that he, Kriess, would settle the matter with Flynn; that plaintiff need not answer in the cause; and that he did not expect or intend to pursue him, or look to him for any portion of the claim.

Plaintiff relied upon these statements, and in consequence thereof did not answer, and judgment was taken against him and Flynn by default, for the whole amount of the note.

After the rendition of the judgment (May 21, 1879), Kriess did not enforce the same against Flynn, but wrongfully, and in fraud of the rights of plaintiff, discharged and released his attachment on the property of said Flynn, which would have paid the judgment in full, and ever since has held and still holds the judgment against plaintiff, and threatens to, and unless restrained will, issue execution thereon against the property of plaintiff and enforce the same. That plaintiff having been a surety, he is informed and believes and avers the judgment was as against him satisfied and discharged by the security acquired under the attachment.

Plaintiff also avers his readiness and willingness to pay the sum of $137 and interest due on said note, but does not aver a tender thereof in direct terms.

It does not appear specifically from the complaint whether the plaintiff signed the note with Flynn as a joint or joint and several maker thereof; or as a surety.

In view of the fact that a pleading is to be construed most strongly against the pleader, and in view of the further fact that appellant in his brief speaks of plaintiff as if a maker of the note in question, we may with propriety assume him to be such.

An amendment to the complaint was filed, in which it is sought to be shown that the default of this plaintiff, in the suit upon the promissory note, was entered by the clerk of the court without being directed so to do by plaintiff or his attorney.

It is apparent from the case as presented,—

1. That the plaintiff was in reality a surety for Flynn, and that Kriess was well aware of that fact.

2. That by reason of the payments on account of the promissory note, which Flynn had directed should be indorsed thereon, and which Kriess had agreed to so indorse, but failed to do, there was *pro tanto* a defense to the action on the note.

3. That plaintiff Kelley was prevented from answering and setting up such defense by the declarations of Kriess made to him.

4. That having knowledge of the suretyship of plaintiff, he discharged his attachment lien against the property of Flynn, the principal debtor.

5. That if permitted to satisfy his judgment out of the property of plaintiff herein, he will have an unconscionable advantage over the latter, acquired by his wrongful acts and declarations.

Under these circumstances, it would seem but equitable that plaintiff should have relief.

The contention of respondent is, that plaintiff at the time he was served with summons was aware of the facts set out in his complaint, and having a plain, speedy, and adequate remedy by way of answer in the original action, and for six months after the entry of judgment in said original action by application to the court for relief under the provisions of section 473 of the Code of Civil Procedure, and that having failed to avail himself of those remedies, he cannot call upon a court of equity to protect him against his own neglect.

Proceedings at law will not be restrained, where the party has lost his defense at law through his own negli-

gence, or has omitted to move for a new trial within the time required by law. (3 Wait's Actions and Defenses, 180, and cases cited.)

We must assume that plaintiff had notice of all the facts existing before the time to move for a new trial expired, and of which he might have availed himself on such a motion, for the reason that it is nowhere averred that he was ignorant of such facts. He was bound, therefore, to exhaust his legal remedy before coming into a court of equity to assert his rights.

As to any relief to which plaintiff may be entitled, and which he could not obtain in the former action, or was prevented from obtaining by fraudulent acts of the defendant, he may obtain in this action, and by injunction if necessary. Injunctions may be "granted to stay trial, or after verdict to stay judgment, or after judgment to stay execution, if the execution has been effected, to stay the money in the hands of the sheriff." (Story's Eq. Jur., sec. 874.)

Tested by these rules, we are of opinion the facts as stated in the complaint show that plaintiff was by the wrongful acts of defendant placed in a position from which he could only be relieved by a court having equity jurisdiction, and in an independent action instituted for that purpose.

The action upon the promissory note was pending for a much larger amount than was due. The natural course of plaintiff would have been to defend the action, but he is assured by the defendant that there is no occasion for him to do so, for the reasons, —

1. That defendant does not expect to get judgment for more than is due.

2. That he has ample property of Flynn under attachment to satisfy the demand.

3. That defendant did not expect or intend to ever look to plaintiff for any portion of said claim.

Plaintiff relying upon these statements did not answer.

Judgment was taken by the defendant for the full amount of the note, but this did not concern plaintiff particularly, for he knew the property attached was ample to satisfy such judgment.

Then the attachment was released, but *non constat* that defendant was going to violate his promise not to interfere with or look to plaintiff, and it was not until the threatened writ of execution upon the judgment, in violation of these promises, that his danger became imminent. It was then too late to move in the court, where the former judgment was rendered, for relief. He had been lulled into repose by false promises, and should not suffer by their breach.

We are of opinion that the complaint on its face stated facts sufficient to constitute a cause of action, and that the court below erred in rendering judgment in favor of defendant on the pleadings. For which reasons the judgment should be reversed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is reversed and cause remanded.