[Civ. No. 16036.  Second Dist., Div. Two.  Dec. 23, 1947.]

HUGH E. MACBETH, as Administrator, etc., Appellant, v.
WEST COAST PACKING CORPORATION et al.,
Respondents.

Eva M. Mack and Hugh E. Macbeth, Jr., for Appellant.

Arthur C. Webb, Gordon R. Shallenberger and Arch E. Exdale for Respondents.

MOORE, P. J.—The administrator of the estate of Kiyoshi Nakagawa appeals from a judgment on the pleadings which denied recovery of any sum; also from the nonappealable order denying his motion for a new trial. He contends (1) that upon a motion for judgment on the pleadings nothing can be considered but the complaint, as in the case of sustaining a general demurrer, citing *Elmore* v. *Tingley,* 78 Cal. App. 460, 464 [248 P. 706]; (2) that if a complaint states a valid cause of action, to avoid a trial on the facts the contents of the answer must be such as to warrant a judgment under section 437c, Code of Civil Procedure, citing *Gibson* v. *De La Salle Institute,* 66 Cal.App.2d 609, 618 [152 P.2d 774]. Also, he contends (3) that even though he concede that a valid cause was not stated, it was an abuse of discretion for the court to deny his motion for leave to amend his complaint.

He alleges that on March 27, 1942, appellant's decedent sold certain fishing nets with accessories to defendants Katnich and West Coast Packing Corporation, herein designated as West Coast, for the sum of $4,500; that decedent thereupon immediately delivered the nets and accessories to the purchasers, who then paid the vendor $500; that the balance of $4,000 with interest is unpaid; that the agreement of sale was in writing. In a subsequent paragraph of the complaint it is alleged that corporate defendant Franco-Italian Packing Company, herein referred to as Franco, "has in its pos-

session more than Two thousand six hundred fifty ($2650) dollars of the total purchase price of said nets and refuses to deliver said amount of more than $2650 to the plaintiff though repeatedly requested by the plaintiff so to do. Said $2650 . . . was received by the defendant Franco . . . from the West Coast . . ."

Respondent Katnich by answer admitted decedent's sale of the nets to West Coast for $4,500. West Coast alleged the execution by Nakagawa of the bill of sale on March 27, 1942, and attached a copy thereof to its answer; that it paid $500 to Nakagawa and sent to him two checks of $2,000 each; that thereafter it was notified by Franco that decedent owed it $2,650 on account of said nets; that it stopped payment upon those checks and so notified decedent; that thereupon, on April 14, 1942, Nakagawa assigned to Franco $2,650 out of the $4,000 due decedent. A copy of such assignment was attached to the answer and made a part thereof. West Coast alleged also that on April 22, 1942, it issued its check in the amount of $1,350 as the balance due decedent, and sent it to the Bank of America with instructions that the bank pay the $1,350 to Nakagawa upon his surrender of the two checks of $2,000 each; that decedent did not call for the $1,350 or surrender the two checks; that in 1944, not knowing the whereabouts of Nakagawa, it cancelled the $1,350 check and "still holds that amount of money on its books as owing to . . . Nakagawa, and alleges that it is ready, willing and able to pay the said sum of $1350 to the said Kiyoshi Nakagawa or his legally authorized representatives upon due proof of authorization."

Franco denied holding $2,650, property of decedent's estate, claiming "a settlement of all claims between the parties," and in a "counterclaim and crosscomplaint" alleged that "plaintiff is indebted to the defendant in a sum not yet determined on an open book account."

█ As to Franco no cause of action is alleged. █ The essential element of an action for money had and received is the allegation that the defendant had and received the money to and for the use and benefit of plaintiff. █ From the complaint it must appear that the money held by defendant is the property of plaintiff and that defendant is obliged in equity and good conscience to restore it to him. (*Smith* v. *Bentson,* 127 Cal.App. (Supp.) 789, 793 [15 P.2d 910] ; *Bouey* v. *Porterfield,* 96 Cal.App. 674, 679 [274 P. 766].) How

could Franco be said to hold money for decedent when it was not a party to the sale of the nets? The money paid Franco by West Coast was not so marked as to indicate that decedent had reserved an interest therein. Its ownership immediately passed to Franco upon its payment by West Coast pursuant to decedent's order.

Neither the assignment by decedent of $2,650 nor his bill of sale was denied. After their genuineness and due execution were established (Code Civ. Proc., § 448) by plaintiff's failure to deny the execution it was no longer open to dispute that decedent conveyed his nets to West Coast, and Nakagawa assigned $2,650 of the balance due him from West Coast. After payment of that sum to Franco the latter held only its own money in which plaintiff had no interest whatever and of course could not force a payment thereof to appellant by an action for money had and received.

As to the West Coast, after it had paid Franco the $2,650 pursuant to decedent's assignment, it could not possibly have been indebted to appellant in the sum of $4,000. All that it held then for appellant was the balance of $1,350 which it tendered by its answer and which it offered at the trial to pay appellant.

Appellant contends that the court erred in granting a summary judgment without 10 days' notice of intention to make the motion, as provided in section 437c of the Code of Civil Procedure. That section is not pertinent to a motion for judgment on the pleadings. Motions under section 437c are based upon claim that there is "no defense to the action or that the action has no merit," customarily shown by affidavits. When a plaintiff chooses to confess the verity of the facts which constitute the basis of the defense to his action it is not essential for the defendant to invoke section 437c. The provision of section 448, *supra,* is sure and swift, and the service of affidavits is unnecessary. When a litigant appears at the bar and announces himself ready for trial he then stands upon his pleadings as well as upon his available witnesses. If either fails to meet the requirements of the law he must suffer the "pangs of outrageous fortune" unless perchance his predicament is such as to justify the extension of indulgence. Nothing in the record before us indicates that the trial court abused its discretion in denying leave to amend the complaint. Appellant instituted the action, brought it to trial and confessed the legal transfer

of decedent's funds to Franco. If he could have stated his cause more strongly he would have done so (*Vilardo* v. *County of Sacramento*, 54 Cal.App.2d 413, 416 [129 P.2d 165]), as indicated by the fact that he went to trial with the purpose of proving decedent's incompetency to make the assignment to Franco. But if Nakagawa had been incompetent on April 14 he must have been the same when he sold the nets for the proceeds of which sale appellant seeks recovery.

█ But in one respect the judgment must be modified. West Coast tendered by its answer the remaining $1,350 of decedent's money. At the inception of the trial counsel for all defendants stated that about such sum "there is no dispute"; and in his last utterance prior to the announcement of the decision the same counsel stated: "We have offered to pay the $1350 into court and stand ready at this time to pay." Under these circumstances the right of plaintiff to the $1,350 was established as clearly as was the defeat of his claim for the $2,650.

It is therefore ordered that the judgment be amended by striking the last paragraph and substituting in lieu thereof the following: "It is ordered, adjudged and decreed that plaintiff take nothing by this action against defendants Marijon Katnich and Franco Italian Packing Company, a corporation; that plaintiff have and recover from the West Coast Packing Corporation, a corporation, the sum of Thirteen Hundred and Fifty dollars; that all defendants recover their costs, which are hereby taxed at $————."

The order denying the motion for a new trial is dismissed. As modified the judgment is affirmed, West Coast to pay its costs on appeal.

McComb, J., and Wilson, J., concurred.