[Civ. No. 3820. Fifth Dist. Mar. 7, 1980.]

ELLIS L. TIFFANY, Plaintiff and Appellant, v.
SIERRA SANDS UNIFIED SCHOOL DISTRICT et al.,
Defendants and Respondents.

220

**COUNSEL**

George E. Dalton for Plaintiff and Appellant.

Richard C. Anthony and Frank J. Fekete for Defendants and Respondents.

**OPINION**

ZENOVICH, J.—Plaintiff Ellis L. Tiffany filed a complaint for declaratory relief in Kern County Superior Court against defendants Sierra Sands Unified School District (hereinafter District) and the governing board of District (hereinafter Board). Defendants District and Board answered the complaint, setting forth various affirmative defenses, including failure to state a cause of action. At the beginning of trial, defendant District moved for judgment on the pleadings. Following oral argument on the motion, the trial court denied the defense motion without prejudice to its being renewed at a later date. Certain evidence was then presented by plaintiff as support for his cause of action. After listening to the testimony presented on behalf of plaintiff, the court permitted counsel for both parties to submit briefs in the event that defendant District renewed its motion for judgment on the pleadings.

Thereafter, defendant District renewed its motion for judgment on the pleadings by a letter to the court. The trial court granted the defense motion, ordering "that judgment be granted for defendants; that this action be, and the same hereby is, dismissed with prejudice; plaintiff is to take nothing by this action; and defendants are to recover their costs of suit herein." Plaintiff appeals.

Since the motion for judgment on the pleadings performs the same function as a general demurrer, the facts alleged in the pleading must

be accepted as true for purposes of review. (See *Baillargeon* v. *Department of Water & Power* (1977) 69 Cal.App.3d 670, 676 [138 Cal.Rptr. 338].) The complaint alleged that appellant was a school psychiatrist for the Indian Wells Valley Joint Union School District (hereinafter Indian Wells) during the 1970-1973 school years. Appellant was also employed as director of pupil personnel services and director of special education at Indian Wells during the 1973-1974 school year. The complaint averred that the duties assigned to appellant during the 1973-1974 school year entailed district-wide responsibilities which required certification qualifications. Following a successful unification election in May 1973, Indian Wells was unified into the District, effective July 1, 1974. Subsequent to the unification, appellant alleges that he was demoted from his position as director of pupil personnel services and as director of special education to the position of school psychologist.

The complaint then sets forth the allegations underlying appellant's claim for declaratory relief. In paragraph 10 of the complaint, appellant contended that respondent District had a duty to employ appellant in the same position of director of special services as he held in Indian Wells following the unification of the two areas. Further, appellant alleged that his demotion from the position of director in the former district to the office of school psychologist was not a reasonable assignment of duties. In his complaint, appellant also claimed that as a result of respondent District's action in demoting him from the position of director, he sustained damages such as a loss of supervisorial responsibilities and a reduction in salary. Moreover, appellant specifically maintained that he was damaged by not being hired for at least two years in the same or equivalent position held during his employment with Indian Wells.

Appellant requested in his complaint that the court should make the following declaration: "Upon unification of the prior districts and the creation and establishment of defendant School District, plaintiff was, and now is, entitled to be employed in the position of a 'Director' in said District for the same period of time as other persons so employed since unification, but in no event for less than two years in the same or equivalent position in which he was employed prior to unification;..."

In its answer to the complaint, respondent District denied certain allegations and affirmatively alleged that appellant's contract with Indian

Wells for the 1973-1974 school year expired by its own express terms on June 30, 1974. Respondent District further averred that appellant was properly and reasonably assigned as a school psychologist in the District for the 1974-1975 school year, referring to a contract dated August 16, 1974, between appellant and the new district. Based on the following allegations, respondent District concluded in its answer: "There was no duty on the part of defendants to employ plaintiff beyond the expiration of plaintiff's 1973-74 contract in the position of 'Director' or any other position of comparable responsibility and plaintiff has not been demoted or denied any contractual or statutory rights pertaining to reassignment, classification or otherwise." Respondent also alleged certain affirmative defenses, including the claim that the complaint failed to state a cause of action.

Following the initial denial of the defense motion for judgment on the pleadings, certain evidence was adduced at a proceeding before the trial court. Marvin Heinsohn, a former assistant superintendent at District and a former administrator at Indian Wells, testified that appellant did not receive any notice during the 1973-1974 school year about being dismissed or removed from his administrative position. Appellant took the stand and testified that he did not receive any extension of his employment as an administrator with Indian Wells beyond the time mentioned in the one-year contract, which terminated on June 30, 1974. Appellant also conceded that he signed a contract (dated Aug. 16, 1974) with District for the 1974-1975 school year as a school psychologist, and that he failed to execute the contract "under protest." In addition, Howard Harmon, former superintendent of District, testified that appellant failed to submit any written grievances or statements of protest until the 1975-1976 and 1976-1977 school years.

Before examining appellant's contentions, it is pertinent to consider the standard of appellate review applicable when judgment has been granted on the pleadings. ■ It is clearly established that a motion for judgment on the pleadings which challenges the insufficiency of a plaintiff's cause of action is tantamount to a general demurrer. (*MacIsaac* v. *Pozzo* (1945) 26 Cal.2d 809, 812-813 [161 P.2d 449]; *Gill* v. *Curtis Publishing Co.* (1952) 38 Cal.2d 273, 275 [239 P.2d 630]; *Welshans* v. *City of Santa Barbara* (1962) 205 Cal.App.2d 304, 305 [23 Cal.Rptr. 108].) Unlike a demurrer, however, the motion may be made at any time before final judgment and without prior notice at trial. (4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial,

§§ 166, 167, p. 2820; *Morel* v. *Morel* (1928) 203 Cal. 417, 418 [264 P. 760]; *Macbeth* v. *West Coast Packing Corp.* (1947) 83 Cal.App.2d 96, 99 [187 P.2d 815].) ▮ Whenever the declaratory judgment is on the pleadings, the standard of appellate review is the same as for a judgment of dismissal which follows the sustaining of a general demurrer. The issue on appeal then becomes whether a cause of action has been stated, and the allegations in the complaint must be taken as true in resolving the question. (*Gill* v. *Curtis Publishing Co., supra*, 38 Cal.2d at p. 275; *Beverage* v. *Canton Placer Mining Co.* (1955) 43 Cal.2d 769, 772 [278 P.2d 694]; *Dohrmann Co.* v. *Security Sav. & Loan Assn.* (1970) 8 Cal.App.3d 655, 662 [87 Cal.Rptr. 792].)

For purposes of review, the motion for judgment on the pleadings is confined to the face of the pleading under attack. (*Baillargeon* v. *Department of Water & Power, supra*, 69 Cal.App.3d at pp. 675-676; 4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 162, pp. 2817-2818.) ▮ Since it is analogous to a general demurrer, the motion for judgment on the pleadings admits all material and issuable facts pleaded. (*Colberg, Inc.* v. *State of California* ex rel. *Dept. Pub. Wks.* (1967) 67 Cal.2d 408, 412 [62 Cal.Rptr. 401, 432 P.2d 3], cert. den. 1968, 390 U.S. 949 [19 L.Ed.2d 1139, 88 S.Ct. 1037].) In ruling upon the motion, the facts alleged in the pleading attacked must be accepted as true, although the court may consider matters subject to judicial notice, including competent evidence of record in the lower court. (*Stencel Aero Engineering Corp.* v. *Superior Court* (1976) 56 Cal.App.3d 978, 986-987 and fn. 6 [128 Cal.Rptr. 691]; *Kachig* v. *Boothe* (1971) 22 Cal.App.3d 626, 630 [99 Cal.Rptr. 393].)

I.

▮ Appellant initially contends that the trial court erred in dismissing the action with prejudice, since a motion for judgment on the pleadings should not be granted without first giving the party an opportunity to amend his pleadings. (See *MacIsaac* v. *Pozzo, supra*, 26 Cal.2d at p. 816.) Although this is a correct statement of the law, we are of the opinion that the trial court did not err when it entered a judgment of dismissal under the circumstances of the present case.

Even though stating that a dismissal may be error in many cases involving a judgment on the pleadings, *MacIsaac* also noted: "'If plaintiff has a good cause of action, which by accident or mistake he has failed

to set out in his complaint, the court, on motion for judgment on the pleadings, should, *on his application so to do,* permit him to amend.'" (*MacIsaac* v. *Pozzo, supra,* 26 Cal.2d at p. 815, quoting *Kelley* v. *Kriess* (1885) 68 Cal. 210, 212 [9 P. 129], italics added.)[1] Similarly, section 472c of the Code of Civil Procedure provides that an appellant can allege that a court abused its discretion in sustaining a demurrer without leave to amend for the first time on appeal. Nonetheless, case law had made clear that no abuse of discretion occurs when the plaintiff fails to indicate the nature of the proposed amendment or the manner in which he would amend his complaint. (See *Schultz* v. *Steinberg* (1960) 182 Cal.App.2d 134, 140-141 [5 Cal.Rptr. 890].)

The record in the instant case shows that appellant made no effort to amend his case at either pretrial, trial, or posttrial stages. In fact, appellant did not even undertake action when he received notice of the trial court's intended decision to grant the motion for judgment on the pleadings. Since appellant Tiffany did not attempt to affirmatively cure his complaint, we hold it was not error for the lower court to dismiss his action.

Having decided there was no abuse of discretion, we now must determine whether appellant stated a cause of action in light of the principles of review discussed above.

## II.

■ Appellant contends that the trial court erred in granting judgment on the pleadings on the basis that his complaint failed to state a cause of action. Respondents rebut this argument by contending that appellant was not entitled to declaratory relief as a matter of law and, therefore, the trial court properly found in their favor. Both parties substantially rely upon section 4213 of the Education Code[2] as support for their positions. Since the validity of the demurrer depends upon a proper construction of the statute, it is necessary to examine the relevant provision.

---

[1]*Kelley* elaborated on this requirement in the following language: "...the action may be dismissed on motion of defendant, if the complaint does not contain a cause of action, *and the plaintiff declines to amend.*" (*Kelley* v. *Kriess, supra,* 68 Cal. at p. 212, italics added.)

[2]All code references are to the Education Code unless otherwise indicated.

Section 4213 reads in pertinent part: "Any employee, other than special teachers, whose assignment to duties is on a districtwide level and requires certification qualifications, and any principal, in any school district, which district is included in whole in a new school district and does not constitute a component district of the new district, shall continue as an employee of the new school district under the terms of his then current contract; providing that the term of such employment shall not be less than two years; and provided also, that the governing board of the new school district may make any reasonable reassignment of his duties." From this provision, appellant argues that respondent District had a statutory duty to reemploy him as a director of special services in the new unified school district. Appellant reaches this result by utilizing the following line of reasoning: (1) his former school district (Indian Wells) failed to give notice that he would be dismissed or removed from his administrative position as required under section 44951; (2) that failure to give this notice automatically extended his employment as an administrator for a one-year period under section 44951; and (3) section 4213 guaranteed appellant employment as an administrator for not less than two years in the respondent District (the new unified school district). Contrary to this interpretation, respondent District contends that it had no statutory duty to hire appellant as an administrator because (1) his contract with Indian Wells had expired on June 30, 1974, and (2) section 4213 does not apply unless an employee has a current contract and there are "not...less than two years" of employment remaining under the terms of that agreement. After a review of relevant sections of the Education Code, we hold that respondent District correctly ascertained that it had no statutory obligation to reemploy appellant Tiffany in an administrative position.

The Attorney General has issued two opinions construing the statutory predecessors to section 4213. These former provisions contain essentially the identical language used in connection with administrative school employees who are now under the purview of section 4213. ▪ Since the former language was embodied in the current reenactment by the Legislature, interpretations of the Attorney General on a prior statute are entitled to great weight since "'...if it were contrary to the legislative intent that some corrective measure would have been adopted in the course of the many enactments on the subject in the meantime....'" (*Millsap* v. *San Pasqual Union Sch. Dist.* (1965) 232 Cal.App.2d 333, 336 [42 Cal.Rptr. 778], quoting *Meyer* v. *Board of Trustees* (1961) 195 Cal.App.2d 420, 432 [15 Cal.Rptr. 717]; accord *Wenke* v. *Hitchcock* (1972) 6 Cal.3d 746, 752 [100 Cal.Rptr. 290, 493

P.2d 1154] ("...the opinions of the Attorney General have been accorded great respect by the courts.").)

In a 1949 opinion, the Attorney General construed former section 4982 (present version § 4213).[3] The Attorney General refused to hold that the Legislature had intended that the named administrative employees in the statute were entitled to two additional years of employment upon formation of a unified school district composed of existing districts. (14 Ops.Cal.Atty.Gen. 117, 118 (1949).) In construing the language about having a current contract and about the term being not less than two years, the Attorney General specifically stated: "The purpose of section 4982 is, therefore, to continue the contract of any principal, supervisor, or district superintendent of schools upon the formation of a unified school district, *provided that the terms of employment fixed by the contract as entered into was at least two years.* Thus, if at the time of unification such a person has a four-year contract and the first year thereof has passed, then he is entitled to three years' employment under the contract in the new district, except that his duties may be reassigned." (14 Ops.Cal.Atty.Gen. 119 (1949), italics added.) Applying this interpretation to the facts before it, the Attorney General determined that the district superintendent was not entitled to employment in the new school district because his term of employment had expired under the contract prior to unification and he had been given a notice of dismissal by his former school district. (14 Ops.Cal.Atty.Gen. 119 (1949).)

The same statute construed in the 1949 opinion was reenacted by the Legislature as section 3402 when the code was reorganized in 1959. Except for one phrase not pertinent to the language involved in this case, former section 3402 is identical to the current provision (§ 4213). In interpreting the language of section 3402, the Attorney General in a 1961 opinion concluded that the purpose of this provision was to preserve "[T]he *unexpired terms of the contracts* of district superintendents and principals upon reorganization subject to a reason-

---

[3]Section 4982 (Stats. 1945, ch. 1273, § 1, p. 2396) read as follows: "Any principal, supervisor, or district superintendent, in any elementary, high school, or junior college district, which district shall have been included in a unified school district shall continue as an employee of the unified school district *under the terms of his then current contract, providing that the term of such employment shall not be less than two years, and provided also that the governing board of the unified school district may make any reasonable reassignment of his duties.*" (Italics added.)

able reassignment of duties." (38 Ops.Cal.Atty.Gen. 167, 168 (1961), italics added.) The fact that the administrative personnel had to have a contract of at least two-year duration was made clear in a subsequent passage from the 1961 opinion: "It would be 'unreasonable' and contrary to the intent of section 3402 for the new unified district governing board to bring in outsiders for the principalships and credentialed administrative positions and to demote the persons previously holding such positions *under contracts of two years or longer to classroom duty.* However, if due to consolidation of presently existing schools or administrative functions there are not as many principalships or other comparable credentialed administrative positions as had existed in the component districts, then classroom assignments for some of the former principals or administrators would be reasonable." (38 Ops.Cal.Atty. Gen. 168-169 (1961), italics added.)

In addition to the two opinions issued by the Attorney General, section 4213[4] was also addressed in the Opinion of the Legislative Counsel of California No. 7524 filed November 24, 1964, entitled Unification of School Districts. The 1964 opinion involved a new unified school district resulting from an election held on September 15, 1964, which made unification effective on July 1, 1965. A county counsel had advised the board of trustees of the new district that two certified employees (assistant superintendents for business) of former districts were not protected because their employment contracts expired on June 30, 1965. Since the county counsel had relied upon the 1949 Attorney General opinion, the legislative counsel was asked to determine whether the opinion was still applicable 15 years later. Although noting that the language of the predecessors to section 4213 had changed between 1949 and 1964, the legislative counsel stated: "...as it applies to the two certificated assistant superintendents for business, we believe the interpretation of the present section should be the same as that given the predecessor section fifteen years ago [in the 1949 Attorney General opinion]." (Ops.Cal.Legis. Counsel, No. 7524 (Nov. 24, 1964) Unification of School Districts, p. 3.)

Two opinions by the Attorney General and a supporting opinion by the state legislative counsel indicate that an administrative employee is not entitled to reassignment unless he has a current contract with an ex-

---

[4]In 1963, the provision was section 3109, although it was identical to the pertinent language now contained in section 4213. (Compare Stats. 1963, ch. 1481, § 1, p. 3046 with Stats. 1976, ch. 1010, § 2.)

press term of employment for not less than two years. Since section 4213 was the reenactment of previous statutory language so construed, the interpretation by the Attorney General is entitled to weight as a manifestation of the legislative intent behind the present statute. The propriety of the Attorney General's interpretation is further supported by the concurrence of the legislative counsel.

The record in the instant case clearly reveals that appellant Tiffany's employment as an administrator with Indian Wells expired by contract on June 30, 1974. In addition, it is equally clear that appellant's contract with the former school district was for a one-year term (the 1973-1974 school year). ██ Nonetheless, appellant contends that the school district's failure to provide a notice of dismissal pursuant to section 44951[5] extended his term as an administrator for the ensuing school year in the respondent District. We are not persuaded.

After the trial court initially denied the defense motion for judgment on the pleadings at the oral proceedings, appellant presented testimony indicating that he had not received a notice of dismissal from his administrative position by March 15, 1974. On appeal, it is Tiffany's argument that failure to give notice by March 15 continued his employment as an administrator with Indian Wells for one year, and that section 4213 then operated to guarantee appellant another two-year administrative term. Appellant further notes that notices of dismissal were given to the employees involved in the opinions of the Attorney General, undercutting application of the opinions' reasoning to his situation. Although notice under section 44951 was not given to appellant, several reasons support the conclusion that this provision will not cure appellant's complaint and give him a cause of action for declaratory relief.

First, appellant failed to allege lack of notice in his pleadings and he did not attempt to remedy this situation through amendment. ██ Although a trial court can take judicial notice of competent evidence adduced at trial proceedings, it is not compelled to do so

---

[5]Section 44951 provides in part: "Unless a certificated employee holding a position requiring an administrative or supervisory credential is sent written notice deposited in the United States registered mail with postage prepaid and addressed to his last known address by March 15 that he may be released from his position for the following school year or unless the signature of such an employee is obtained by March 15 on such written notice that he may be released from his position for the following year, he shall be continued in such position."

upon a motion for judgment on the pleadings. (*Baillargeon* v. *Department of Water & Power, supra*, 69 Cal.App.3d at p. 676; *Stencel Aero Engineering Corp.* v. *Superior Court, supra*, 56 Cal.App.3d at p. 987, fn. 6.) ■ In its judgment on the pleadings, the trial court specifically stated that "the complaint herein fails to state facts sufficient to state a cause of action." This language suggests that appellant Tiffany's failure to aver a lack of notice of dismissal was critically fatal. Because the court did not have to take notice of the trial testimony establishing the failure to provide a notice of dismissal, it would be undisputed that appellant did not have a "current contract" under section 4213 in light of its expiration on June 30, 1974. We hold that appellant's failure to plead or amend his pleading to reflect a lack of notice precludes any cause of action, since his employment ceased to exist under his contract with the school district.

■ Second, we are of the opinion that the notice provisions of section 44951 cannot be read in a vacuum when unification of school districts is at issue. However, when this provision is considered in tandem with section 4213, we hold that the latter section must supersede the stringent notice requirements under circumstances where districts are unified after the March 15 deadline specified under section 44951. In his complaint, appellant concedes that the unification election was not held until May 1973, resulting in the creation of the respondent District effective on July 1, 1974. It is anomalous for appellant to suggest that the former district should have provided a notice of dismissal in March when it ceased to exist by the end of June 1974. As noted by respondents, section 44951 provides for continued employment to a certified employee "in such position" when notice of possible release is not given by the existing school district. Respondents aptly point out that appellant's position had ceased to exist by operation of law, since Indian Wells was legally preempted by respondent District. Since the notice provision of section 44951 did not seem to contemplate unification of an old school district into a new one, we find that section 4213 governs the duties of the new district when it employs certified personnel from former districts.

Our interpretation of the preeminence of section 4213 in unification cases is supported by an opinion of the Attorney General in a context involving annexation proceedings. In spite of the fact that an administrative employee was not given a notice of termination six months before the expiration of the term in his contract, the Attorney General

determined that there was no automatic renewal of employment when several school districts were annexed to each other. He said: "Not only do we believe that notice, as a matter of law, is given by the annexation proceeding itself, but the employing district has no power to renew a contract which expires after the district has ceased to exist." (31 Ops.Cal.Atty.Gen. 117, 118 (1958).) Given the dual facts that it was legally impossible for appellant to be employed "in such position" and that constructive notice is similarly provided by a unification, we find section 44951 inoperative in situations involving the unification of two school districts. We are of the opinion that respondent District is governed by the specific statutory language in section 4213.[6] Under this section, respondents had no duty to reemploy appellant in the same administrative position as he held in the former district, since he did not have a "current contract" for an employment term of not less than two years.[7]

Even if we were to assume that appellant obtained an automatic one-year extension in employment under section 44951, there would still be no obligation by respondents to continue his employment as an administrator. As noted earlier, section 4213 has been construed as requiring a current agreement, so long as "the terms of employment fixed by the contract as entered into was at least two years." (See 14 Ops. Cal.Atty.Gen. 117, 119 (1949).) Even if section 44951 is operative, it only extended appellant's one-year contract with Indian Wells for an additional year in the new unified school district. This effectively means that Tiffany only had a "current contract" of one year with respondent District under the interpretation he advances. Recognizing that section 4213 mandates an agreement of at least two-year duration, there would be no duty by District to employ him as an administrative personnel in the face of a one-year current contract.[8]

---

[6]In his 1949 opinion, the Attorney General suggested that a failure to give a notice of dismissal was not determinative of rights in unification situations. The opinion noted: "The effect of the notice of dismissal *would be merely to terminate any rights as a classroom teacher* if he had not otherwise attained such rights." (14 Ops.Cal.Atty.Gen. 117, 119 (1949), italics added.) This indicates that notice of dismissal has little effect upon *administrative* status determined under section 4213.

[7]Having determined that the notice of dismissal was not necessary and is superseded by section 4213, nothing blocks an application of the two opinions by the Attorney General. When these opinions are used, it becomes clear that appellant did not have either an unexpired contract or an agreement of sufficient duration so as to invoke the duty by respondents to reassign him as a director of special services subsequent to unification.

[8]To hold otherwise would lead to an absurd result. Under section 44951, nonnotification of dismissal would have entitled appellant to merely one year "in such position" in

Finally, even if appellant had a right to reemployment as an administrator in the respondent District, he appears to have waived enforcement of such privilege. The record clearly shows that appellant signed a contract shortly after unification in which he agreed to be a school psychologist in the new unified district between August 27, 1974, and June 6, 1975. Furthermore, Tiffany himself testified during oral proceedings that he did not sign the contract "under protest" or file any grievance procedures until the 1975-1976 and 1976-1977 school years. In their answer to appellant's complaint, respondents alleged as a fifth affirmative defense that "Plaintiff, by accepting his 1974-75 contract as a psychologist, has acquiesced in and agreed to his assignment as reasonable and proper." When this evidence is considered in toto, the conduct of appellant resembles the voluntary relinquishment of the right to demand reassignment as the director of pupil personnel services and of special education in the new unified district. (See 30 Cal.Jur.3d, Estoppel and Waiver, § 21, pp. 719-721.) Since rights and privileges conferred by a statute can be waived (30 Cal.Jur.3d, Estoppel and Waiver, § 22, p. 722), we find that Tiffany abandoned the enforcement of any rights possibly conferred under his interpretation of section 4213.

Therefore, notwithstanding the District's failure to give notice of dismissal to Tiffany under section 44951, we hold that respondents were under no duty to extend employment to appellant as a director of special services after their unification of Indian Wells.

Although unification may frequently disrupt reemployment of former administrators in their same positions, we note that individuals such as appellant are not left unprotected. Section 44902 guarantees that administrators enjoy tenured status as classroom teachers even after unification. Since unification is at least partially designed to increase administrative efficiency, some administrators of component former districts must expect reassignment as teachers. In the present case, Tiffany had obtained tenured status at Indian Wells by virtue of his four consecutive years of employment. Tiffany's reassignment as a school psychologist in District—a position consistent with his certification qua-

---

the component district (Indian Wells). It appears anomalous to construe that a failure to notify before unification would compel the new unified school district to reassign appellant for the minimum of a two-year contract. This reasoning would have given appellant one more year than he would have expected under a lack of notice in Indian Wells. Since it is illogical to presume that the Legislature intended the result to revolve around unification, it is preferable to adopt the view that section 4213 prevails over the notice procedures set forth in section 44951.

lifications—was in accord with the safeguards set forth in section 44902.

The judgment is affirmed.

Hopper, Acting P. J., and Ballantyne, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.