OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

OPINION

of

DANIEL E. LUNGREN
Attorney General

CLAYTON P. ROCHE
Deputy Attorney General

:
:
:
:
:
:
:
:
:
:
:
:
:

No. 93-514

August 25, 1993

THE HONORABLE CHARLES F. O'ROURKE, DISTRICT ATTORNEY, YUBA COUNTY, has requested an opinion on the following question:

Does Penal Code section 890 require compensation to be paid to a grand juror for attendance at (1) a called meeting of the entire grand jury, (2) an indictment proceeding, (3) a committee meeting when the grand jury has elected to conduct an investigation by committee, (4) an interview or investigation conducted by two or more grand jurors in carrying out their duties, (5) any location while performing assigned duties as approved by the requisite number of grand jury members, (6) a called orientation meeting, and (7) a called training session?

CONCLUSION

Penal Code section 890 requires compensation to be paid to a grand juror only for attendance at a called meeting of the entire grand jury, including an indictment proceeding.

ANALYSIS

The functions of a county grand jury were summarized by the Supreme Court in *McClatchy Newspapers* v. *Superior Court* (1988) 44 Cal.3d 1162 as follows:

"The California grand jury has three basic functions: to weigh criminal charges and determine whether indictments should be returned (§ 917); to weigh allegations of misconduct against public officials and determine whether to present formal accusations requesting their removal from office (§ 922; see Gov. Code, § 3060 et seq.); and to act as the public's `watchdog' by investigating and reporting upon the affairs of local government (e.g., §§ 919, 925 et seq.). Of these functions, the watchdog role is by far the one most often played by the modern grand jury in California. (Mar, *The California Grand Jury; Vestige of Aristocracy* (1970) 1 Pacific L.J. 36, 59 [estimating 85 percent of average grand jury's time spent

1.                                                                              93-514

investigating county agencies];  Note, *Some Aspects of the California Grand Jury System* (1956) 8 Stan. L.Rev. 631, 648 [estimating 83 percent of California grand jury proceedings spent in watchdog role].)  As we noted in *1973 Grand Jury*, `In California, unlike some other American jurisdictions, the grand jury's role as a vigilant `watchdog' over the operations of a variety of local governmental activities has a long and well respected heritage.' (*1973 Grand Jury, supra,* 13 Cal.3d 430, 436, fn. omitted.)" (*Id.,* at p. 1170, fn. omitted.)

The question presented for analysis is whether the Legislature requires grand jurors to be paid while performing various criminal and civil duties and functions.  We conclude that the law only mandates payment when a grand jury is acting at a regularly called session of all of its members, including indictment proceedings.

Penal Code section 890[1] provides:

"Unless a higher fee or rate of mileage is otherwise provided by statute or county or city and county ordinance, the fees for grand jurors are ten dollars ($10) a day for each day's attendance as a grand juror, and fifteen cents ($0.15) a mile, in going only, for each mile actually traveled in attending court as a grand juror."

We have examined the predecessor statutes of section 890 in a number of different contexts over the past 75 years.  Our conclusions have always been the same -- "attending court" means regularly called meetings of the entire grand jury membership.  If the Legislature intended for compensation to be paid when the grand jurors are performing their duties outside of the regularly called sessions, the Legislature would have expressly so provided. The phrase "attending court" does not encompass all duties and functions of a grand juror.  However, a county board of supervisors may authorize payment for any services not covered by section 890.

In Ops.Cal.Atty.Gen. No. 3335 (1917) we were asked whether individual grand jurors could be paid per diem and expenses (1) while looking up certain matters of interest in another county, (2) for making investigations in different parts of the county, and (3) for committee meetings at the courthouse.  The governing statute provided that "a grand juror shall receive for each day's attendance in the Superior Court the sum of two dollars and mileage at the rate of fifteen cents per mile, in going only, for each day actually travelled in attending court as a grand juror."  We concluded that the fees and mileage were not payable, stating:

". . . Statutory authorization, either express or implied, must exist in order that payment in the nature of fees and mileage may be made to a grand juror for expense incurred in attending committee meetings, and in the absence of such authorization it must be concluded that no such payments can be made to a grand juror out of county funds."

In Ops.Cal.Atty.Gen. N.S. 3436 (1941) we construed the following provision:

"For attendance as a grand juror in the superior court for each day's attendance per day four dollars; . . . for each mile actually travelled in attending court or meetings of the grand jury as a juror, five cents per mile each way."

---

[1]All unidentified section references hereafter are to the Penal Code.

We concluded that "attendance . . . in the superior court" and "attending court" did not encompass the duties of grand jurors while performing "committee service."

In Ops.Cal.Atty.Gen. N.S. 3867 (1941) we were asked whether compensation of grand jurors was required "if they attended a meeting of the grand jury proper for a short while in the morning and then worked on a committee of the grand jury the rest of the day." The governing statute at that time provided:

"For attending as a grand juror, for each day's actual attendance, per day, five dollars ($5), and ten cents ($0.10) per mile for each mile actually traveled in going only, and the judge of said court shall make an order directing the auditor to draw his warrant in favor of such juror for said per diem and mileage and the treasurer shall pay the same."

We adopted the following analysis:

"`We are of the opinion that in any event the only mileage to which the members would be entitled would be ten cents per mile for each mile actually traveled in going to the place of the meeting of the grand jury proper and that no mileage can be allowed for traveling from the place of the grand jury proper and the place of meeting of a grand jury committee. We are also of the opinion that if the grand jury meets for the sole purpose of obtaining per diems and mileage for those members working in committee that none of the grand jury members is entitled to either mileage or per diem. This would permit the members to do by in-direction that which they are restricted from doing directly. On the other hand, if the grand jury proper is called in session for any purpose authorized by law we believe that the members are entitled to their per diems and their mileage, for miles actually traveled in going to the meeting of the grand jury proper, although the grand jury should adjourn early to permit members to carry on work in committee.'"

In 24 Ops.Cal.Atty.Gen. 198 (1974) we were again asked about attendance by grand jurors at committee hearings in the context of the following statute:

"Each grand juror and trial juror in the superior court shall receive for each day's attendance, three dollars ($3) and for each mile actually and necessarily traveled from his residence to the county seat, in going only, twenty cents ($0.20) to be allowed but once during each session the juror is required to attend."

We concluded with respect to the meaning of the term "attendance" as follows:

"This office has been of the consistent opinion that statutes such as Government Code section 28110, which provides per diem and mileage to Grand Jurors of San Mateo County, authorize such payments for attendance at grand jury sessions proper. Payments for attendance at committee meetings are authorized only if the statute specifically, or by necessary implication, so provides." (*Id.,* at p. 199.)

Finally, in a 1978 indexed letter opinion, we examined whether grand jurors could "be reimbursed for expenses (i.e., mileage, registration fees, food and lodging) incurred in attending grand juror educational workshops." The statute in question provided:

". . . grand jurors and jurors in the superior court shall receive ten dollars ($10) for each day's attendance and fifteen cents ($0.15) for each mile actually

traveled in attending court as a juror, and for attending regularly called grand jury meetings and grand jury committee meetings, one way. Mileage shall be paid for each time a regularly empaneled jury or grand jury is called in separate session."

With respect to the payment of compensation for attending the educational workshops, we concluded:

"As we have previously and consistently held, the plain language of statutes such as Government Code section 76037 which provide for grand juror compensation, authorize payment only for grand jury sessions proper and where specifically (or by necessary implication) allowed, for grand jury committee meetings." (Cal.Atty.Gen., Indexed Letter, No. IL 78-115 (Aug. 15, 1978).)

In our view, section 890 is sufficiently similar to the grand juror compensation statutes construed in our prior opinions as to require the same restrictive construction. The terms "attendance" and "attending court" refer to grand jury sessions called for the performance of official duties by the entire membership. It is presumed that the Legislature was aware of our prior opinions and their consistent, restrictive approach to the payment of grand juror compensation. (See *California Assn. of Psychological Providers* v. *Rank* (1990) 51 Cal.3d 1, 17; *Tiffany* v. *Sierra Sands Unified School Dist.* (1980) 103 Cal.App.3d 218, 227.) If the Legislature had wished to provide a more liberal approach to grand juror compensation in section 890, we believe it would have done so in much clearer terms. For example, as pointed out in our 1978 indexed letter opinion, the Legislature has on occasion provided for the payment of compensation to grand jurors for attending committee meetings. It is evident that the Legislature knows how to so provide expressly, and has not done so here. (See *Safer* v. *Superior Court* (1975) 15 Cal.3d 230, 236-238; *Board of Trustees* v. *Judge* (1975) 50 Cal.App.3d 920, 927.)

While the foregoing analysis answers the question presented as to what grand juror fees are mandated by the Legislature in section 890, we note that Government Code section 68091 allows each county to provide compensation for grand jurors when attending other than grand jury sessions of the entire membership. Government Code section 68091 states:

"Except as otherwise provided by law, the board of supervisors in each county may specify by ordinance the compensation and mileage for members of the grand jury in that county."[2]

The provisions of section 890 govern the amount of compensation to be paid grand jurors only while "attending court," i.e., attending sessions of the entire grand jury.[3] Although the compensation for grand jury sessions is thus "otherwise provided by law," we do not view section 890 as a prohibition against the payment of grand juror compensation for the performance of other official duties. Accordingly, Government Code section 68091 authorizes a county board of supervisors to prescribe grand juror compensation for committee meetings, investigative sessions

[2]Until the amendment of Article XI of the Constitution in 1970, the matter of grand jury compensation was within the exclusive jurisdiction of the Legislature pursuant to Article XI, section 5. After the constitutional amendment, the Legislature was free to delegate to the counties matters of grand jury compensation. (See 56 Ops.Cal.Atty.Gen. 564 (1973); 24 Ops.Cal.Atty.Gen. 198, *supra*.)

[3]Section 890 itself, however, allows each county to pay a higher fee or rate of mileage than specified in the statute for such attendance.

by less than the full grand jury, or other legitimate activities such as orientation sessions and training sessions.

In sum, we conclude that section 890 mandates compensation only for grand jury sessions of the entire membership, including indictment proceedings. It does not mandate compensation for committee meetings, investigations by less than the full grand jury, or matters such as orientation sessions or training sessions. However, compensation for the latter activities may be authorized by a county board of supervisors pursuant to section 68091 of the Government Code.

* * * * *