[No. B061864. Second Dist., Div. Two. Aug. 28, 1992.]

DONALD RAY FREE, Plaintiff and Appellant, v.
REPUBLIC INSURANCE COMPANY et al., Defendants and
Respondents.

**COUNSEL**

Thomas Edward Wall for Plaintiff and Appellant.

Muegenburg, Norman & Dowler, Peter O. Israel, Krivis & Passovoy, Jeffrey L. Krivis, Grace, Skocypec, Cosgrove & Schirm, Ronald J. Skocypec, Catherine M. McEvilly and Esther P. Holm for Defendants and Respondents.

**OPINION**

**GATES, Acting P. J.**—In the instant appeal plaintiff Donald R. Free challenges the orders of dismissal entered after the trial court sustained without leave to amend the demurrers of defendants Republic Insurance Company and Wilkinson Insurance Agency to plaintiff's second amended complaint.

■ Because this appeal arises from a judgment entered after the sustaining of a demurrer, we must, under established principles, assume the truth of all properly pleaded material allegations of appellant's second amended complaint in evaluating the propriety of the trial court's action. (*Tameny* v. *Atlantic Richfield Co.* (1980) 27 Cal.3d 167, 170 [164 Cal.Rptr. 839 [610 P.2d 1330, 9 A.L.R.4th 314]; *Jones* v. *Grewe* (1987) 189 Cal.App.3d 950, 954 [234 Cal.Rptr. 717].)

According to the complaint, defendant Republic Insurance Company issued plaintiff a homeowners policy in 1979. That year and every succeeding year until April 1989, appellant contacted Green Leaf Insurance Agency and All Valley Insurance Agency through their representatives acting on behalf of defendant Republic Insurance Company to inquire whether the coverage limits of his policy were adequate to rebuild his home. On each occasion he was informed they were.

The complaint also alleges that beginning in April 1989, defendant Wilkinson Insurance Agency took over plaintiff's account from Green Leaf Insurance Agency and All Valley Insurance Agency. Sometime thereafter, but prior to October 26, 1989, when appellant's residence was completely destroyed by fire, representatives of the Wilkinson Insurance Agency, acting in their capacity as agents of defendant Republic Insurance Company, informed appellant in response to his query that the coverage limits on the property were adequate to reconstruct the house. Appellant later discovered, however, that property values had substantially increased in the 10 years since his original policy issued and that the $141,000 policy limit was insufficient to replace his home.

The complaint further asserts that defendants were under a duty to provide plaintiff with accurate information,[1] that they breached this duty by advising him his coverage was satisfactory when they lacked a sufficient basis to make such representations, that plaintiff reasonably relied on defendants' statements and that he was damaged as a result.

■ Clearly defendants were not required under the general duty of care they owed plaintiff to advise him regarding the sufficiency of his liability limits or the replacement value of his residence. (*Jones* v. *Grewe, supra,* 189 Cal.App.3d at pp. 954, 956.) Nonetheless, once they elected to respond to his inquiries, a special duty arose requiring them to use reasonable care.

---

[1]Plaintiff claimed defendants' "duty arose as a result of the following facts:

"(a) the defendants and each of them held themselves out as knowledgeable in the area and able to properly advise the plaintiff as to whether the coverage was adequate in that each time the plaintiff asked whether he had sufficient coverage to rebuild the property, the defendants answered in the affirmative instead of stating they did not know or were not qualified to give this information.

"(b) the defendants and each of them knew or should have known that the plaintiff was relying on the information they gave him regarding whether the limits were adequate and that the plaintiff did not know the information himself and was not going to ask other persons;

"(c) there was a long term relationship between the plaintiff and the defendants;

"(d) the defendants and each of them knew or should have known they were under a duty to correctly advise the plaintiff as to his insurance needs.

"(e) the information requested by the plaintiff as to the sufficiency of the insurance coverage was a subject which could have been ascertained by the defendants and each of them."

*Jones* v. *Grewe, supra,* does not compel a contrary conclusion. The court in that case was unwilling to impose upon the defendants, based upon allegations of the parties' long-term relationship, plaintiffs' past reliance on defendants' advice and an assurance on defendants' part of the adequacy of plaintiffs' coverage, a legal duty to provide plaintiffs with a policy of liability insurance sufficient to protect their personal assets and satisfy any judgment against plaintiffs arising out of a negligence action by a third party.

The reason for the holding in *Jones* v. *Grewe* is manifest. As the court itself explained, "Neither an insurance agent nor anyone else has the ability to accurately forecast the upper limit of any damage award in a negligence action against the insured by a third party. To impose such a duty based on the pleadings in this case would in effect make the agent a blanket insurer for his principal. We fail to see where sound public policy would require the imposition of such a duty upon the agent, unless the latter has by an express agreement or a holding out undertaken that obligation." (189 Cal.App.3d at p. 957.)

This case does not involve the same sorts of uncertainties. Here plaintiff sought to be protected against a very specific eventuality—the destruction of his home. It appears from the record before us that there were at least two methods by which he could have achieved his goal: (1) he could have requested a guaranteed replacement endorsement as part of his homeowners policy; or (2) he could have had the value of the building determined and a specific valuation named in the policy as provided by Insurance Code section 2052. Defendants apprised him of neither option. Nor did they decline to offer an opinion. Rather, they assured plaintiff his coverage was sufficient. Under the circumstances, defendants must be deemed to have assumed additional duties, which, if breached, could subject them to liability.

Most of defendant Republic Insurance Company's brief is devoted to purported shortcomings in plaintiff's second amended complaint which were not urged below and are thus not addressed by our resolution of special duty issue. None of its arguments is persuasive.

First, defendant Republic Insurance Company expends much effort to demonstrate plaintiff failed to allege the elements necessary to plead a cause of action for negligent misrepresentation. ▮▮▮▮ While this is undoubtedly true, it is inconsequential, since plaintiff's claim is one for general negligence.[2]

▮▮ In addition, defendant Republic Insurance Company assails the complaint because plaintiff failed to allege (1) that defendant Wilkinson Insurance Agency was acting within the scope of its authority as Republic

---

[2]A complaint in a negligence action must allege "(1) the defendant's legal duty of care towards the plaintiff, (2) the defendant's breach of that duty, (3) injury to the plaintiff as a

Insurance Company's agent when it ventured an opinion regarding the replacement cost of plaintiff's home, and (2) that $141,000 was inadequate to rebuild the structure under the building codes in effect at the time of its original construction. These may well be issues that will have to be surmounted if plaintiff is to succeed at trial. However, they are not allegations that must be made to set forth a cause of action for negligence.

A complaint will withstand a general demurrer " '. . . where the necessary facts are shown by the complaint to exist, although inaccurately or ambiguously stated, or appearing by necessary implication . . . .' [Citations.]" (*Allerton* v. *King* (1929) 96 Cal.App. 230, 235 [274 P. 90].) The facts contained in plaintiff's second amended complaint are sparse, and he may well be unable to prove his theory at trial. Despite this, the allegations relating to the existence of an expanded duty and the loss resulting from the breach thereof do suffice to defeat a demurrer.

The orders of dismissal are reversed. Plaintiff is entitled to his costs on appeal.

Fukuto, J., and Suzukawa, J.,* concurred.

---

proximate result of the breach, and (4) damage to the plaintiff. [Citation.]" (*Jones* v. *Grewe*, *supra*, 189 Cal.App.3d at p. 954.)

*Judge of the Municipal Court for the Compton Judicial District sitting under assignment by the Chairperson of the Judicial Council.