[No. G012767. Fourth Dist., Div. Three. Apr. 29, 1994.]

KOLL-IRVINE CENTER PROPERTY OWNERS ASSOCIATION et al.,
Plaintiffs and Appellants, v.
COUNTY OF ORANGE et al., Defendants and Respondents.

COUNSEL

Rushfeldt, Shelley & Drake and Jo-Ann Horn Maynard for Plaintiffs and Appellants.

Terry C. Andrus, County Counsel, Edward N. Duran, Deputy County Counsel, Paul, Hastings, Janofsky & Walker, Donald L. Morrow and John C. O'Malley for Defendants and Respondents.

OPINION

WALLIN, J.—Koll-Irvine Center Property Owners Association and individual owners of units in the center (Koll-Irvine) appeal from the judgment against them following the order sustaining the demurrers of the County of Orange and Snafuel, Inc., without leave to amend. Koll-Irvine claims it has properly pleaded causes of action for both public and private nuisance arising out of the location and operation of jet fuel storage tanks at John Wayne Airport. We find the allegations insufficient and affirm.

I

Koll-Irvine filed its original complaint against the county and Snafuel in November 1991 seeking damages and injunctive relief for public and private

nuisance, strict liability, and negligent interference with prospective economic advantage. In response to the county's motion to strike and dismiss the complaint, Koll-Irvine filed an amended complaint in January 1992. Demurrers were sustained, leading to the second amended complaint for public and private nuisance only. At the hearing on the demurrers to that complaint, the trial court found the allegations did not adequately plead any individual or private right different from the rest of the community; Koll-Irvine offered no basis for further amendment, and the demurrers were sustained without leave to amend.

We review the allegations of the second amended complaint de novo to determine whether the facts as pleaded, the truth of which we must assume, state a cause of action. (*Free* v. *Republic Ins. Co.* (1992) 8 Cal.App.4th 1726, 1728 [11 Cal.Rptr.2d 296]; *Saunders* v. *Cariss* (1990) 224 Cal.App.3d 905, 908 [274 Cal.Rptr. 186].) The allegations state that Snafuel, a corporation formed by various airlines to supply them fuel at John Wayne Airport, constructed the "Fuel Farm," three 300,000-gallon above-ground fuel storage tanks located in the northwest quadrant of the airport 500 feet from the edge of the main runway. The above-ground construction and location of the tanks were contrary to studies done on behalf of the county recognizing the potential disaster in the event of an aircraft accident. Furthermore, the Fuel Farm is in violation of various federal regulations and county ordinances and presents a severe and unnecessary risk of damage from fire and the release of toxic chemicals.

Koll-Irvine consists of property owners of the commercial units and the common areas in the Koll-Irvine Center, an industrial park located on the northwest border of the John Wayne Airport, about 100 feet from the Fuel Farm. The proximity of the Fuel Farm and the extreme risk it poses causes the plaintiffs to live in fear of destruction of their lives and property as a result of a potential aircraft accident or rupture of the tanks. The threat of harm has caused Koll-Irvine's employees to change their use of the property by avoiding using a parking lot across the street from the Fuel Farm, keeping doors and windows overlooking the Fuel Farm closed or covered, and, in one instance, moving a work space from one side of a building to the other. The plaintiffs suffer extreme mental anguish because they fear their property insurance either will be canceled or the premiums will rise so high that it will be impractical to continue business. The proximity of the Fuel Farm and the resulting risk that an extremely hazardous or cataclysmic event will damage or destroy Koll-Irvine's property has diminished its value.

## II

### *Public Nuisance*

A nuisance is broadly defined as "[a]nything which is injurious to health, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property . . . ." (Civ. Code, § 3479.)[1] A public nuisance is "one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal." (§ 3480.) A private party can maintain an action based on a public nuisance "if it is specially injurious to himself, but not otherwise." (§ 3493.) ■ The damage suffered must be different in kind and not merely in degree from that suffered by other members of the public. (*Institoris* v. *City of Los Angeles* (1989) 210 Cal.App.3d 10, 21 [258 Cal.Rptr. 418]; *Brown* v. *Petrolane, Inc.* (1980) 102 Cal.App.3d 720, 725-726 [162 Cal.Rptr. 551]; *Venuto* v. *Owens-Corning Fiberglas Corp.* (1971) 22 Cal.App.3d 116, 124-125 [99 Cal.Rptr. 350].)

■ The respondents concede that Koll-Irvine adequately pleaded the elements of a public nuisance if the action had been brought by a public entity. But they contend, as the trial court found, that Koll-Irvine failed to plead harm to it different in kind from that suffered by the general public.

The trial court relied on the case of *Brown* v. *Petrolane, Inc., supra,* 102 Cal.App.3d 720, which is remarkably similar to the case before us. In *Brown,* individual plaintiffs alleged that Petrolane maintained an above-ground storage facility for liquefied petroleum gas within 2,000 feet of their homes, that the facility was in an area of recurring seismic activity and was not designed to withstand a substantial earthquake, that the impoundment basin contained in the facility was incapable of holding the fuel if an accident occurred, and that the presence of the facility caused plaintiffs to live in fear of extreme danger. The court stated, "[T]hat fear, to the extent it reasonably exists, must be common also to the general community of which they are a part and differs between individuals within that community, if at all, in degree rather than in kind. No other special damage to appellants having been alleged, the trial court's conclusion no cause of action for public nuisance was maintainable by appellants must be sustained." (*Id.* at pp. 726.)

Koll-Irvine argues its allegations of mental anguish, risk of higher insurance premiums, diminished property values and reduced usefulness of its

---

[1] All statutory references are to the Civil Code.

premises constitute unique damages due to its proximity to the Fuel Farm. But these damages apply to all the homes and businesses in the area of the airport. The complaint itself alleges "all members of the public within 1000 to 1500 feet . . . would be killed and those within one and one-half to three miles would be injured" if the Fuel Farm exploded. Koll-Irvine's proximity arguably exposes it to a higher degree of these damages, but not to a different kind altogether. Because it has failed to allege damages different from the general community, it cannot maintain an action for public nuisance.

## III

### *Private Nuisance*

■ Unlike public nuisance, which is an interference with the rights of the community at large, private nuisance is a civil wrong based on disturbance of rights in land. (*Venuto* v. *Owens-Corning Fiberglas Corp.*, *supra*, 22 Cal.App.3d at p. 124.) A nuisance may be both public and private, but to proceed on a private nuisance theory the plaintiff must prove an injury specifically referable to the use and enjoyment of his or her land. The injury, however, need not be different in kind from that suffered by the general public. (*Ibid.*) ■ Koll-Irvine contends its fear of a catastrophic accident constitutes an interference with the use and enjoyment of its land and has resulted in the diminution of the value and usefulness of its property and in mental anguish.

Examples of interferences with the use and enjoyment of land actionable under a private nuisance theory are legion. "So long as the interference is substantial and unreasonable, and such as would be offensive or inconvenient to the normal person, virtually any disturbance of the enjoyment of the property may amount to a nuisance." (Prosser & Keeton, Torts (5th ed. 1984) § 87, p. 620, fns. omitted.) An interference need not directly damage the land or prevent its use to constitute a nuisance; private plaintiffs have successfully maintained nuisance actions against airports for interferences caused by noise, smoke and vibrations from flights over their homes (see, e.g., *Baker* v. *Burbank-Glendale-Pasadena Airport Authority* (1985) 39 Cal.3d 862 [218 Cal.Rptr. 293, 705 P.2d 866]; *Greater Westchester Homeowners Assn.* v. *City of Los Angeles* (1979) 26 Cal.3d 86 [160 Cal.Rptr. 733, 603 P.2d 1329]) and against a sewage treatment plant for interference caused by noxious odors (*Varjabedian* v. *City of Madera* (1977) 20 Cal.3d 285 [142 Cal.Rptr. 429, 572 P.2d 43]).

In this state, however, a private nuisance action cannot be maintained for an interference in the use and enjoyment of land caused solely by the fear of

a future injury.[2] In *Helix Land Co.* v. *City of San Diego* (1978) 82 Cal.App.3d 932 [147 Cal.Rptr. 683], the city's demurrer to a private nuisance cause of action was sustained where the complaint alleged the threat of future flooding. (*Id.* at p. 950.) And in *Akins* v. *Sacramento Mun. Utility Dist.*■ (Cal.App.), the plaintiffs sought compensation for their fear of exposure to radioactive materials arising from the operation of a nuclear power plant. In upholding a summary judgment on the nuisance cause of action, the court stated: "Plaintiffs have not presented evidence to show an actual physical invasion or damage to themselves or their properties. . . . [S]uch things as fear, anxiety, and emotional distress which are not caused by an interference with a specific private property right and which are common to the general population will not support a private action for nuisance."[3]

Koll-Irvine claims fear of a fire hazard was sufficient to support a nuisance cause of action in *County of San Diego* v. *Carlstrom* (1961) 196 Cal.App.2d 485 [16 Cal.Rptr. 667]. But there the action was for public nuisance and was brought on behalf of the community by county officials. No invasion of an interest in land is required for such an action, and the public entity need not show unique damages. Here, Koll-Irvine may have pleaded a cause of action for public nuisance; but ". . . they have not sufficiently alleged those facts necessary to place themselves in a position to abate or otherwise deal with it in their own or others' behalf." (*Brown* v. *Petrolane, Inc., supra*, 102 Cal.App.3d at p. 727.) Any remedy must be in an action to abate the alleged nuisance by a public entity. (Longtin, Cal. Land Use, *supra*, § 10.68[1], p. 976.)

Koll-Irvine contends its allegations of diminution in property value, mental anguish due to fear of increased property insurance, and diminished use

---

[2]Compare the cases cited from other jurisdictions in Prosser and Keeton, Torts (5th ed. 1984) section 87, page 620.

In *Brown* v. *Arbuckle* (1948) 88 Cal.App.2d 258 [198 P.2d 550], the court upheld the issuance of an injunction against the establishment of a funeral parlor in an exclusively residential area, based on the plaintiff's evidence that it "would be a constant mental irritant to plaintiff and his family which would reasonably cause [him] to suffer certain physical disturbances, would interfere greatly with the plaintiff and his family's comfort and enjoyment of his property and would reduce the sale and rental value thereof . . . ," thus constituting a nuisance. The necessity for such an analysis today has been largely obviated by "[t]he widespread utilization of comprehensive zoning, subdivision and environmental controls . . . ." (Longtin, Cal. Land Use (2d ed. 1987) § 10.60, p. 933.)

[3]Damages for emotional distress can be recovered in an action for private nuisance. (*Acadia, California, Ltd.* v. *Herbert* (1960) 54 Cal.2d 328, 337 [5 Cal.Rptr. 686, 353 P.2d 294]; *Smith* v. *County of Los Angeles* (1989) 214 Cal.App.3d 266, 288 [262 Cal.Rptr. 754]. Contra, *Institoris* v. *City of Los Angeles, supra*, 210 Cal.App.3d 10, 21.) But the facts of the foregoing cases indicate the emotional distress must be *caused* by an interference with a specific property right, not, as here, *be* the alleged property right.

of its premises constitute interference with specific property rights. But these are elements of damage which must be caused by an interference with a property right. For example, in *City of San Jose* v. *Superior Court* (1974) 12 Cal.3d 447 [115 Cal Rptr. 797, 525 P.2d 701, 76 A.L.R.3d 1223], the court explained that damages for private nuisance may include recovery for diminution in value and for annoyance, inconvenience or discomfort, but these damages were based on the property invasion of "aircraft noise, vapor, dust, and vibration." (*Id.* at pp. 453, 464.)

The judgment is affirmed. Respondents are entitled to costs on appeal.

Sills, P. J., and Crosby, J., concurred.