110 F.3d 67
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary CHEEK & Nydia Cervantes, Plaintiffs-Appellants,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellee.
 No. 95-56601.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 5, 1997.
Decided March 26, 1997.
 
 1
 Before: SCHROEDER, FERGUSON, and LEAVY Circuit Judges.
 
 
 2
 MEMORANDUM*
 
 
 3
 Appellants, Gary Cheek and Nydia Cervantes ("the Cheeks") appeal the district court's dismissal for failure to state a claim in their diversity action alleging negligence on the part of Appellee, State Farm Fire and Casualty Company ("State Farm"). The Cheeks' Complaint alleged that State Farm was negligent in failing to provide them with a certain level of earthquake coverage, as they had specifically requested, and in failing to advise the Cheeks that State Farm had not provided them with that level of coverage.
 
 
 4
 In their appeal to this court, the Cheeks claim only that State Farm was negligent in failing to advise them that the policy issued was substantially different from the policy they had requested. Because the Cheeks fail to allege that State Farm breached any duty they owed to them, we affirm the district court's dismissal of the complaint for failure to state a claim.
 
 I. DISCUSSION
 
 5
 "[O]rdinarily an insurance agent assumes only those duties found in any agency relationship such as 'reasonable care, diligence, and judgment in procuring the insurance requested by an insured.' " Paper Savers v. Nasca, 59 Cal.Rptr.2d 547, 550, 51 Cal.App.4th 1090, 1095 (Ct.App.1996) (citations omitted). However, California courts recognize that a heightened duty of care owed by an insurer to its insureds may be created in certain situations. "[T]he extent of an insurance agent's duty depends on the nature of the interaction between the agent and the insured and the representations the agent made regarding coverage when discussing the policy." Id. at 556.
 
 
 6
 California courts have recognized a duty on the part of insurers to exercise reasonable care in seeking coverage as requested by an insured. See Free v. Republic Ins. Co., 11 Cal.Rptr.2d 296, 8 Cal.App.4th 1726 (Ct.App.1992). The courts have also recognized a special duty to inform insureds of their rights and obligations--i.e. the scope of coverage--under a policy. See Paper Savers, 59 Cal.Rptr.2d at 551.
 
 
 7
 The Cheeks' Complaint, however, fails to allege facts which establish a special duty of care on the part of State Farm. It fails to allege that State Farm representatives made any specific assurances that the policies drafted would satisfy their requests in order to induce the Cheeks to purchase policies. Id. at 554. Furthermore, their Complaint fails to allege that State Farm breached a duty to advise the Cheeks that the policies it issued did not provide the same coverage as the Cheeks' prior policy under a different insurer.
 
 
 8
 The Cheeks acknowledge that the policies issued by State Farm clearly denote the scope of coverage provided. These policy declarations provide notice of the scope of coverage and that State Farm, as a consequence, satisfied its obligations even under California law. The failure of the Cheeks to read these policy declarations does not affect this conclusion.
 
 
 9
 The district court's dismissal of the Cheeks' Complaint is therefore AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3