[No. B201128. Second Dist., Div. Four. Aug. 13, 2008.]

KIMBERLY KEMPTON et al., Plaintiffs and Appellants, v.
CITY OF LOS ANGELES, Defendant and Respondent.

COUNSEL

Charles G. Kinney for Plaintiffs and Appellants.

Rockard J. Delgadillo, City Attorney, Susan D. Pfann, Assistant City Attorney, and Peter E. Langsfeld, Deputy City Attorney, for Defendant and Respondent.

OPINION

EPSTEIN, P. J.—Kimberly Kempton and Charles Kinney appeal from a judgment issued following the grant of a motion for judgment on the pleadings without leave to amend. They claim that their complaint was either sufficient to allege a cause of action for nuisance against the City of Los Angeles or, if not, that they should have been granted leave to amend. We reverse the judgment with directions to grant leave to amend the complaint to allege a cause of action for nuisance.

### FACTUAL AND PROCEDURAL SUMMARY

Appellants own a home on Fernwood Avenue in Los Angeles. The garage at the residence has access onto Cedar Lodge Terrace. In their prelawsuit claim filed with the City of Los Angeles (City), appellants alleged their neighbors had erected fences on City property fronting Cedar Lodge Terrace. The claim asserted hazards created by these fences and asked the City to cause them to be removed from its property. The City rejected the claim.

Appellants then filed a lawsuit against the City, seeking monetary damages and an injunction requiring the City to bring proceedings to force appellants' neighbors to remove the fences from the City's right-of-way. Appellants alleged the fences diminished sight lines when entering and exiting their garage along the street, causing the appellants to be fearful while driving. They also alleged that the fences prevented pedestrian access to the unimproved pedestrian walkway portion of Cedar Lodge Terrace and created dangerous conditions for persons walking down the street, causing appellants to suffer emotional distress while walking.

City moved for judgment on the pleadings, arguing that appellants did not state facts sufficient to constitute a cause of action because they failed to allege actual injury. The trial court granted this motion, finding that emotional distress suffered under the circumstances alleged was not an actual injury. Judgment was entered on the pleadings. Appellants did not request, nor did the trial court offer, leave to amend their complaint. Nevertheless, we reach the merits of appellants' argument; a specific request to amend need not be made in the trial court " 'as a prerequisite for reviewing the trial court's order on appeal.' " (*Galligan v. City of San Bruno* (1982) 132 Cal.App.3d 869, 876 [183 Cal.Rptr. 466], quoting *Nestle v. City of Santa Monica* (1972) 6 Cal.3d 920, 939 [101 Cal.Rptr. 568, 496 P.2d 480].)

## DISCUSSION

■ Since this is an appeal from judgment issued following the grant of a motion for judgment on the pleadings, we accept, for purposes of this appeal only, that all properly pleaded material facts alleged in the complaint are true.[1] (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126 [119 Cal.Rptr.2d 709, 45 P.3d 1171].) We therefore accept appellants' contentions that (1) the fences are constructed on the City's right-of-way along the street and that they block public access to the pedestrian walkway area, and (2) the fences block the sight lines of drivers entering and exiting appellants' garage, resulting in hazards to those drivers and to pedestrians.

■ That said, we must review the pleadings to determine whether the facts, as alleged in the complaint, support any valid cause of action against a defendant, or if not, whether the complaint could be reasonably amended to do so. (*Zelig v. County of Los Angeles, supra,* 27 Cal.4th at p. 1126; *Gami v. Mullikin Medical Center* (1993) 18 Cal.App.4th 870, 876 [22 Cal.Rptr.2d 819] [" "The standard of appellate review of a judgment on the pleadings is . . .

---

[1] While we accept appellants' allegations as true for purposes of this appeal, nothing in this opinion should be construed as proven fact for purposes of later proceedings. Such facts are properly determined by the trier of fact.

identical to that on a judgment following the sustaining of a demurrer.' "].) Where a complaint could reasonably be amended to allege a valid cause of action, we must reverse the judgment. (*Zelig*, at p. 1126; *Gami*, at p. 876.) Leave to amend is liberally allowed; a specific request to amend is not required as a prerequisite to review on appeal the trial court's decision not to grant leave to amend. (*Nestle v. City of Santa Monica, supra*, 6 Cal.3d at p. 939.)

Appellants do not allege facts showing they have suffered reasonable monetary damages, and it does not appear that they can reasonably amend their complaint to do so. They allege that in allowing the fences to remain on public property, City maintained dangerous road conditions which caused pedestrians to feel "inconvenience, annoyance, frustration, [and] fear . . . ." The essential allegation, however inartfully pled, is that these conditions amounted to negligent infliction of emotional distress. That tort does not apply here, since (among other reasons) (1) any fear or inconvenience caused to pedestrians blocked from the sidewalk area is shared by all members of the public, and (2) there has been no actual physical injury inflicted in this case. (See *Bird v. Saenz* (2002) 28 Cal.4th 910, 915 [123 Cal.Rptr.2d 465, 51 P.3d 324]; *Thing v. La Chusa* (1989) 48 Cal.3d 644, 647 [257 Cal.Rptr. 865, 771 P.2d 814].)

Appellants also asserted in their original claim, but not in their complaint, that they have suffered a diminution of property value because the fences block sight lines when they enter and exit their garage. Appellants' complaint alleges the fences were erected in (or about) 1991 and 2004, and that appellants purchased the property in 2005. A diminution of value, if any, necessarily would have occurred when the fences were first built, which was before appellants purchased the property. Appellants cannot claim diminished property value when they purchased the property after the alleged diminution in value occurred.

■ Since appellants have not suffered cognizable monetary damages, their remaining remedy, if any, is in equity for an injunction on a theory of public nuisance. (See *Kitzman v. Newman* (1964) 230 Cal.App.2d 715, 725 [41 Cal.Rptr. 182].) A public nuisance is one "which 'affects at the same time an entire community or neighborhood, or any considerable number of persons.' " (*People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1104 [60 Cal.Rptr.2d 277, 929 P.2d 596], quoting Civ. Code, § 3480.) Blocking a public sidewalk constitutes a public nuisance per se. (*Kitzman v. Newman, supra*, 230 Cal.App.2d at p. 722; *Ex parte Taylor* (1890) 87 Cal. 91, 94 [25 P. 258] [streets include sidewalks, as well as the roadway, and obstruction of a sidewalk is a public nuisance]; Civ. Code, § 3479.)

■ The complaint alleges that the fences block the sidewalk area in a public right-of-way. Government liability under Government Code section 815 et seq. may be based upon public nuisances per se, and appellants may reasonably amend their complaint to allege an action on this theory. (See *Nestle v. City of Santa Monica, supra,* 6 Cal.3d at p. 933 [construing Civ. Code, § 3479, defining nuisance to constitute adequate statutory basis for government liability].) Such an action would not force the City to prosecute others for nuisance on private property, but rather require City to take such action as is necessary so that it no longer suffers a nuisance on its own property.

■ A private individual may bring an action against a municipality to abate a public nuisance when the individual suffers harm that is " '. . . specially injurious to himself, but not otherwise.' [Citation.]" (*Koll-Irvine Center Property Owners Assn. v. County of Orange* (1994) 24 Cal.App.4th 1036, 1040 [29 Cal.Rptr.2d 664], quoting Civ. Code, § 3493.) The damage suffered must be different in kind, not merely in degree, from that suffered by other members of the public. (24 Cal.App.4th at p. 1040.)

■ Appellants' alleged fear of injury to pedestrians caused by the fences would be suffered by all members of the public and therefore would not alone constitute a special injury to appellants actionable for public nuisance. (See *Koll-Irvine Center Property Owners Assn. v. County of Orange, supra,* 24 Cal.App.4th at p. 1040.) But their complaint also alleges the fences block the sight lines upon entering and exiting their garage, causing "fear of being in a vehicle collision, fear of hitting a pedestrian, and/or danger to physical well-being (as a driver) when [appellants] are exiting their garage but cannot see due to fences . . . ." Interference with the ingress and egress to and from a public street constitutes "both a private and public nuisance" and may constitute a special injury actionable by an individual. (*Friends of H Street v. City of Sacramento* (1993) 20 Cal.App.4th 152, 160 [24 Cal.Rptr.2d 607].)

City asserts that appellants are barred from amending their complaint to allege a cause of action for public nuisance because the original Government Code claim did not present that cause of action. We disagree. Assuming for sake of argument only that a claim is prerequisite to a lawsuit seeking only equitable relief against a public entity for a public nuisance, the claim in this case was adequate. (Neither party discusses application of the claim statute where only equitable injunctive relief is available; for authority that it is not, see *Lozada v. City and County of San Francisco* (2006) 145 Cal.App.4th 1139, 1164, fn. 11 [52 Cal.Rptr.3d 209]; and Gov. Code, § 905.2 [claims for money or damages against state].)

■ Even were a claim required in order to seek equitable relief, appellants have met their burden of alleging facts in this claim that placed the

City on notice to adequately investigate the alleged nuisance. (See *Stockett v. Association of Cal. Water Agencies Joint Powers Ins. Authority* (2004) 34 Cal.4th 441, 446 [20 Cal.Rptr.3d 176, 99 P.3d 500] [claim is sufficient if it provides sufficient information to enable a public entity to adequately investigate the claim and "need not contain the detail and specificity required of a pleading . . . ."].) Appellants presented factual assertions in their claim that the fences are erected upon City property, prevent access to the sidewalk area, and block the sight lines upon entering and exiting their garage. These assertions support both a public nuisance per se and specific injury. Appellants are entitled to amend their complaint to allege a valid cause of action for public nuisance.

## DISPOSITION

The judgment on the pleadings is reversed with directions to grant appellants leave to amend their complaint to allege a cause of action for nuisance. Each party shall bear its own costs on appeal.

Willhite, J., and Suzukawa, J., concurred.