Filed 9/13/13  Degenarro v. Geiger & Merritt, LLP CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| GLORIA DEGENARRO, Individually and as Trustee, etc., et al.,<br><br>    Plaintiffs and Appellants,<br><br>        v.<br><br>GEIGER & MERRITT, LLP,<br><br>    Defendant and Respondent. | G047461<br><br>(Super. Ct. No. 30-2012-00544102)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Ronald L. Bauer, Judge.  Reversed and remanded with directions.

Sayre & Levitt, Federico Castelan Sayre and Adam L. Salamoff for Plaintiffs and Appellants.

Lewis Brisbois Bisgaard & Smith, Kenneth C. Feldman and Brian Slome for Defendant and Respondent.

\*        \*        \*

INTRODUCTION

The basic facts of this case are simple: Client is represented by law firm in a civil case. Client, unhappy with the representation received, fires the law firm and hires a new firm. The old law firm sues client for unpaid legal fees. Client and the old law firm execute a settlement agreement. Client then serves on the old law firm the malpractice lawsuit it had filed before the settlement agreement was executed.

The question before us on appeal is whether client's failure to file the malpractice claim as a compulsory cross-complaint, rather than as a separate lawsuit, requires its dismissal. We conclude, based on the record before it, the trial court correctly sustained the old law firm's demurrer because the malpractice claim was a compulsory cross-complaint.

However, on appeal, client asks for leave to amend the complaint to allege the compulsory cross-complaint rule is inapplicable because of the terms of the settlement agreement. Given the liberal rules of granting leave to amend, client should be given an additional opportunity to try to state a cause of action and explain in a pleading why the compulsory cross-complaint rule does not apply as a result of the settlement agreement.

We therefore reverse the judgment and remand with directions to the trial court to sustain the demurrer with leave to amend.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

Gloria Degenarro, individually and as trustee of the J.E.D. Family Trust, The Village Retail Center, LLC, and Brad Degenarro (collectively, the Degenarros) hired Geiger & Merritt, LLP (the Geiger firm), to represent them in a civil matter. The Geiger firm filed a complaint, naming the Degenarros as the plaintiffs, against the Metropolitan Water District of Southern California (the Metropolitan Water District) and W.A. Rasic Construction Company, Inc. (W.A. Rasic); the causes of action asserted were for inverse condemnation and negligence (the underlying action).

2

About eight months later, the Degenarros fired the Geiger firm, and substituted in the law firm of Bartel & Evans LLP (the Bartel firm). Soon thereafter, the Metropolitan Water District's motion for summary adjudication was granted; the Degenarros stipulated to dismiss their remaining causes of action against the Metropolitan Water District; the court entered an order of dismissal of the claims against the Metropolitan Water District; summary judgment was granted in favor of W.A. Rasic and against the Degenarros, and judgment was entered in favor of W.A. Rasic; and the Degenarros filed a notice of appeal challenging the dismissal and the judgment. The Degenarros later settled their claims against the Metropolitan Water District.

In June 2011, the Geiger firm filed a lawsuit against the Degenarros for breach of written contract, quantum meruit for services rendered, and for an account stated, seeking unpaid legal fees and costs which had been incurred in the underlying action (the legal fees action). The Degenarros filed an answer to the complaint in the legal fees action in August 2011. One of the affirmative defenses alleged in the answer was that "[t]he legal services rendered were rendered negligently depriving the services, or some of them, of any value." The Degenarros did not file a cross-complaint to the legal fees action.

In February 2012, the Degenarros filed a legal malpractice action against the Geiger firm and the Bartel firm (the malpractice action). The Degenarros alleged neither the Geiger firm nor the Bartel firm had adequately marshaled the facts in the underlying action in order to oppose the dispositive motions filed by the Metropolitan Water District and W.A. Rasic, and both had failed to retain or designate qualified expert witnesses in the underlying action. The Degenarros did not file a notice of related case in the malpractice action, and did not serve the malpractice action complaint on the Geiger firm at that time.

In April 2012, the Degenarros and the Geiger firm entered a settlement agreement in the legal fees action. The legal fees action was dismissed with prejudice.

3

The malpractice action was served on the Geiger firm in May 2012, after the legal fees action had been dismissed. The Geiger firm then demurred to the malpractice action, in part on the ground that the Degenarros' claim for legal malpractice was a compulsory cross-complaint in the legal fees action. Following briefing and a hearing, the trial court sustained the demurrer without leave to amend, and entered a judgment and order of dismissal in favor of the Geiger firm. The Degenarros timely appealed.[1]

DISCUSSION

I.

*STANDARD OF REVIEW*

"We independently review the ruling on a demurrer and determine de novo whether the pleading alleges facts sufficient to state a cause of action. [Citation.] We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded, and matters of which judicial notice has been taken. [Citation.] We construe the pleading in a reasonable manner and read the allegations in context. [Citation.] 'We affirm the judgment if it is correct on any ground stated in the demurrer, regardless of the trial court's stated reasons. [Citation.]' [Citation.]" (*Entezampour v. North Orange County Community College Dist.* (2010) 190 Cal.App.4th 832, 837.) In ruling on a demurrer, a court may consider only the allegations

---

[1] The Geiger firm correctly notes that the notice of appeal purports to appeal from an order dated August 31, 2012, which is the date of the trial court's minute order sustaining the demurrer, not that of the judgment. An order sustaining a demurrer is not an appealable order. (*Doan v. State Farm General Ins. Co.* (2011) 195 Cal.App.4th 1082, 1090, fn. 4.) However, "[t]he notice of appeal must be liberally construed. The notice is sufficient if it identifies the particular judgment or order being appealed." (Cal. Rules of Court, rule 8.100(a)(2).) The judgment and order of dismissal in this case references the same August 31, 2012 minute order identified in the notice of appeal. We liberally construe the notice of appeal to be from the judgment and order of dismissal filed September 21, 2012.

of the complaint, and matters that are judicially noticeable. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

II.

*THE DEMURRER WAS PROPERLY SUSTAINED BECAUSE THE MALPRACTICE ACTION SHOULD HAVE BEEN FILED AS A COMPULSORY CROSS-COMPLAINT IN THE LEGAL FEES ACTION; NOTHING IN THE COMPLAINT OR IN ANY MATTER SUBJECT TO JUDICIAL NOTICE SUGGESTS OTHERWISE.*

"[I]f a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded." (Code Civ. Proc., § 426.30, subd. (a).) A related cause of action "means a cause of action which arises out of the same transaction, occurrence, or series of transactions or occurrences as the cause of action which the plaintiff alleges in his complaint." (*Id.*, § 426.10, subd. (c).)

The Degenarros' claim that the Geiger firm committed legal malpractice in the underlying action is related to the Geiger firm's cause of action for the Degenarros' failure to pay legal fees incurred in the underlying action. (*K.R.L. Partnership v. Superior Court* (2004) 120 Cal.App.4th 490, 498-499.) If the Degenarros' cause of action for legal malpractice against the Geiger firm existed at the time they filed their answer in the legal fees action, then the malpractice action was a compulsory cross-complaint that was required to be filed in the legal fees action.

Based on the allegations of the complaint and the matters of which this court may take judicial notice, we conclude the Degenarros' cause of action for legal malpractice against the Geiger firm existed at the time the Degenarros filed their answer in the legal fees action. Before that answer was filed in August 2011, (1) the Metropolitan Water District's motion for summary adjudication had been granted; (2) pursuant to a stipulation, the Degenarros had dismissed their additional causes of

5

action against the Metropolitan Water District in order to make the summary adjudication order appealable; (3) W.A. Rasic's motion for summary judgment had been granted; and (4) the Degenarros had filed a notice of appeal from the judgment in favor of W.A. Rasic and the order of dismissal of the action against the Metropolitan Water District. Indeed, in their answer to the complaint in the legal fees action, the Degenarros alleged that the legal services provided by the Geiger firm in the underlying action "were rendered negligently." Therefore, the malpractice claim was a compulsory cross-complaint in the legal fees action; the trial court correctly sustained the Geiger firm's demurrer to the malpractice action.

III.

*THE CASE IS REMANDED TO GIVE THE DEGENARROS THE OPPORTUNITY TO AMEND.*

If the trial court sustains a demurrer without leave to amend, we must consider "whether there is a reasonable possibility that the defect can be cured by amendment." (*Blank v. Kirwan*, *supra*, 39 Cal.3d at p. 318.) Leave to amend is liberally granted. (*Kempton v. City of Los Angeles* (2008) 165 Cal.App.4th 1344, 1348.) We note that the Degenarros' requests for leave to amend have been general and conclusory, and they have yet to tell any court what facts they might allege in order to state a valid cause of action.[2]

---

[2] In their opposition to the demurrer, the Degenarros made the following conclusory request: "Should the court be inclined to grant [the Geiger firm's] Demurrer, [the Degenarros] respectfully request leave to amend the complaint, so they may allege the Complaint with more specificity, so that it comports with the ruling of the Court." They did not request leave to amend at the hearing on the demurrer. The Degenarros' appellate counsel conceded at oral argument before this court that the Degenarros did not properly request leave to amend in the trial court.

The Degenarros did not request leave to amend in either their opening or reply brief on appeal. In their supplemental letter brief, filed at this court's invitation, they stated, in a heading: "If the trial court should not have considered the settlement agreement, it is nonetheless evidence that appellants should have been granted leave to amend to allege additional facts that the malpractice action was both preserved and excluded from settlement." (Boldface & some capitalization omitted.)

6

The Degenarros' entire argument, both in the trial court and on appeal, relies on the terms of the settlement agreement by which the parties settled the legal fees action. The Degenarros contend their right to file their legal malpractice claim as a separate action, rather than as a compulsory cross-complaint in the legal fees action, was specifically preserved by the settlement agreement of the legal fees action, which excluded a malpractice claim from its release. The Degenarros argue in their appellate briefs that the Geiger firm either waived its right to argue the compulsory cross-complaint defense, or should be judicially or equitably estopped from asserting that defense. The relevant portions of the release and settlement agreement are quoted here:

"Accordingly, the parties agree as follows:

"2. [The Degenarros] shall pay to the [Geiger firm] the sum of Thirty Thousand Dollars ($30,000.00) after execution and delivery of this Release & Settlement Agreement by [the Geiger firm], as well as delivery to [the Degenarros] of the fully executed Dismissal With Prejudice, which pertains to the instant action. . . .

"3. In consideration of the payment provided for in paragraph 2 herein, [the Geiger firm] and its successors and assigns do hereby release and forever discharge the [Degenarros] . . . of and from any and all past, present or future claims, causes of action, demands, obligations, actions, causes of action, claimed rights and damages, costs, expenses, compensation of any nature whatsoever and whether for compensatory or punitive damages, with which the [Geiger firm] . . . now ha[s] or which may hereinafter accrue or otherwise be acquired on account of, which are subject of, the action filed herein being County of Orange, Superior Court, Central Justice Center, action Case Number 30-2011-00486139, except for all general and affirmative defenses, offsets, setoffs, cross-complaints and causes of action relating to a potential legal malpractice claim by the [Degenarros] against the [Geiger firm] arising out of [the Geiger firm]'s representation of [the Degenarros] in the underlying case, which defenses, offsets, setoffs, cross-complaints and causes of action are expressly reserved by the [Degenarros].

7

The [Geiger firm] hereby absolutely and forever releases and discharges the [Degenarros] from any and all matters which are the subject of said complaint, including but without limitation, any and all known or unknown claims arising out of this lawsuit, including any claims by the [Degenarros] for the return of fees and costs previously paid, except for all general and affirmative defenses, offsets, setoffs, cross-complaints, and causes of action relating to a potential legal malpractice claim by the [Degenarros] against the [Geiger firm] arising out of [the Geiger firm]'s representation of [the Degenarros] in the underlying case, which defenses, offsets, setoffs, cross-complaints and causes of action are expressly reserved by the [Geiger firm]. . . .

"4. In consideration of the Release & Settlement Agreement set forth hereinabove, [the Degenarros] and their successors and assigns do hereby release and forever discharge the [Geiger firm] . . . of and from any and all past, present or future claims, causes of action, demands, obligations, actions, causes of action, claimed rights and damages, costs, expenses, compensation, except a legal malpractice claim by the [Degenarros] against the [Geiger firm] arising out of their representation in the underlying case, which cause of action is expressly reserved by the [Degenarros] and whether for compensatory or punitive damages, with which the [Degenarros], their heirs, successors or assigns, now have or which may hereinafter accrue or otherwise be acquired on account of, which are subject of, the action filed herein being County of Orange, Superior Court, Central Justice Center, action Case Number 30-2011-00486139. *The* [*Degenarros*]*, hereby absolutely and forever release and discharge the* [*Geiger firm*] *from any and all matters which are the subject of said complaint, except a legal malpractice claim by the* [*Degenarros*] *against the* [*Geiger firm*] *arising out of their representation in the underlying case, which cause of action is expressly reserved by the* [*Degenarros*], any and all known or unknown claims arising out of this lawsuit, including any claims of the [Degenarros] for the return of fees and costs previously paid." (Boldface omitted, italics added.)

8

The settlement agreement, which was attached as an exhibit to the Degenarros' opposition to the demurrer and appears at pages 86 through 91 of the clerk's transcript on appeal, is not a matter of which the trial court or this court could take judicial notice. In a procedurally similar case, the appellate court concluded neither the trial court nor the appellate court could properly consider a written release because a release is not a matter of which a court may take judicial notice. (*Afuso v. United States Fid. & Guar. Co.* (1985) 169 Cal.App.3d 859, 861-862, disapproved on other grounds in *Moradi-Shalal v. Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287, 310-311.) "On appeal, plaintiff contends the trial court erred in sustaining the demurrer to her complaint. Initially, she argues the language of the release does not preclude her from litigating her claim against defendants for their violation of [Insurance Code] section 790.03. However, we need not address this issue since the release was not properly before the trial court. [¶] 'A demurrer tests the pleadings alone and not the evidence or other extrinsic matters. Therefore, it lies only where the defects appear on the face of the pleading or are judicially noticed [citations]. The only issue involved in a demurrer hearing is whether the complaint, as it stands, unconnected with extraneous matters, states a cause of action [citation].' [Citation.] Defendants here did not request that the trial court take judicial notice of the release. [Citation.] However, even if they had, judicial notice would not have been proper. Although a trial court may properly take judicial notice of the records of any court of record of any state of the United States [citations], there is no indication that the release in this case was part of any court record. Typically, the release in a personal injury suit is not filed with the court. Thus, the trial court here improperly considered the contents of the release." (*Afuso v. United States Fid. & Guar. Co.*, *supra*, at pp. 861-862.) In this case, too, the trial court could not properly consider the contents of the settlement agreement in ruling on the demurrer.

We invited the parties to submit supplemental letter briefs addressing whether any exception to the aforementioned rule would permit this court to consider the

9

terms of the settlement agreement on appeal. Having analyzed the parties' arguments, we remain convinced that the settlement agreement is not a matter of which we may take judicial notice.[3]

However, in their supplemental letter brief, the Degenarros argue we may still consider the settlement agreement in determining whether they should be granted leave to amend.

It is reasonably possible that the Degenarros could amend their complaint in the malpractice action to support a valid cause of action on the grounds the settlement agreement preserves their right to sue for malpractice in a separate action, and bars the Geiger firm from asserting, as an affirmative defense, that the compulsory cross-complaint rule precludes the malpractice action. We cannot further comment on the manner in which the Degenarros may try to do so, except to acknowledge that they have stated enough on appeal to warrant an opportunity to amend. We emphasize that we express no opinion as to whether the Degenarros will be able to amend the complaint to state a cause of action, or whether any such amended complaint will also be subject to demurrer.

IV.

*CAUSATION*

The Geiger firm makes an additional argument in support of affirming the trial court's order sustaining the demurrer—that there was no causal link between the Geiger firm's provision of allegedly negligent legal services and the Degenarros' alleged damages. It is true that the Degenarros' complaint alleges, "Defendant Bartel & Evans

---

[3] We reject the Degenarros' argument that the Geiger firm waived the right to object to consideration of the settlement agreement as a part of the appellate record. Whether a document is a proper subject of judicial notice is a matter for the court to determine. The parties may not force an appellate court to take judicial notice of a document that is not within the scope of Evidence Code section 451 et seq., by failing to object to a nonexistent request for judicial notice of the document in the trial court.

10

had the opportunity to correct prior deficiencies with regard to the retention/designation of experts on behalf of [the Degenarros] who would be able to provide expert opinions regarding [the Degenarros]' spring/water rights, but failed to retain/designate appropriate and/or qualified experts, even though such experts were available and were interviewed after the fact." (Some capitalization omitted.)

Under some circumstances, attorneys cannot be held liable for mistakes they make if those mistakes could have been cured by counsel that substituted into the case, if the new counsel has the time to correct those errors, and the errors are not such that they are irreparable. (*Steketee v. Lintz, Williams & Rothberg* (1985) 38 Cal.3d 46, 57 ["attorney cannot be held liable for failing to file an action prior to the expiration of the statute of limitations if he ceased to represent the client and was replaced by other counsel before the statute ran"]; *Stuart v. Superior Court* (1992) 14 Cal.App.4th 124, 127-128 [attorney filed personal injury action in municipal court, limiting the damages recoverable, and failed to serve summons and complaint during statutory period; because a new attorney was substituted in before date on which proof of service had to be returned, original attorney was entitled to summary judgment in malpractice action].)

The Degenarros' complaint in the malpractice action alleged not only that the Geiger firm and the Bartel firm committed malpractice by failing to retain and designate expert witnesses, but also that both the Geiger firm and the Bartel firm "failed to adequately marshal facts which would have shown that [the Metropolitan Water District] and W.A. Rasic failed to conduct appropriate investigation of the subject soil, resulting in delay of the project, causing [the Degenarros] to sustain damage." That allegedly negligent action is not alleged to have been curable by the Bartel firm after the Geiger firm substituted out of the case. We reject the Geiger firm's argument that this court, based on the record before us, can decide as a matter of law that the malpractice was curable by the Bartel firm, and that the demurrer could be sustained based on causation.

11

V.

*WE DO NOT HAVE JURISDICTION TO ORDER THE FILING OF A CROSS-COMPLAINT IN THE LEGAL FEES ACTION.*

The Degenarros argue that the trial court retained jurisdiction over the legal fees action (Code Civ. Proc., § 664.6), and that they should, therefore, be permitted to seek leave from that court to file a cross-complaint for malpractice. There are at least two problems with this argument.

First, the Degenarros' argument is again premised on the language of the parties' settlement agreement; the legal import of the settlement agreement is not before us, and the agreement itself is not a matter of which we may take judicial notice.

Second, and more fundamentally, the legal fees action is not before us in this appeal from a judgment in the malpractice action. Indeed, the parties have stated the legal fees action has been dismissed.

DISPOSITION

The judgment is reversed and the matter is remanded with directions to sustain the demurrer, with leave to amend the complaint. In the interests of justice, all parties shall bear their own costs on appeal.

FYBEL, J.

WE CONCUR:

MOORE, ACTING P. J.

ARONSON, J.

12