NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 7 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHELLE L. MORIARTY, Individually, as Successor-In-Interest to Heron D. Moriarty, Decedent, on Behalf of the Estate of Heron D. Moriarty, and on Behalf of the Class, | No.   20-56139 |
| | D.C. No. 3:17-cv-01709-BTM-WVG |
| Plaintiff-Appellant, | |
| | MEMORANDUM* |
| v. | |
| BAYSIDE INSURANCE ASSOCIATES, INC., a California Corporation, | |
| Defendant-Appellee, | |
| and | |
| AMERICAN GENERAL LIFE INSURANCE COMPANY, a Texas Corporation; DOES, 1 thru 20  Inclusive, | |
| Defendants. | |

Appeal from the United States District Court
for the Southern District of California
Barry Ted Moskowitz, District Judge, Presiding

Submitted September 1, 2021**

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision

Pasadena, California

Before: IKUTA, BENNETT, and R. NELSON, Circuit Judges.

Plaintiff-Appellant Michelle Moriarty appeals the district court's grant of summary judgment to Defendant-Appellee Bayside Insurance ("Bayside"). Bayside was Moriarty's husband's insurance agent when he purchased a life insurance policy from American General Life Insurance Company ("AGLIC") in September 2012, with Moriarty as the sole beneficiary. The policy's premiums went unpaid for several months in 2016, and the policy lapsed due to those unpaid premiums nine days before Moriarty's husband died.

Moriarty brought a putative class action against AGLIC and professional negligence and negligent misrepresentation claims against Bayside. She contends that Bayside owed her "a general and special duty of care to investigate the status of [the life insurance policy] and its potential forfeiture and to fully and promptly communicate . . . what actions and steps could and should be taken to avoid termination of the Policy." She alleges that Bayside breached that duty with its handling of her email request for certain policy information that she sought so that she could pay the overdue policy premiums before the policy lapsed. Bayside responded with the information that Moriarty would need to make a payment and told Moriarty that it was "trying" to have a team follow up with AGLIC. It never

without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

followed up.

The district court granted summary judgment to Bayside on the professional negligence claim, finding that Bayside did not owe the duty that Moriarty alleged. Later, the parties stipulated to the dismissal of Moriarty's negligent misrepresentation claim, as duty is an element of both claims. The district court then entered final judgment for Bayside under Federal Rule of Civil Procedure 54(b). We review the district court's grant of summary judgment de novo and affirm. *Tzung v. State Farm Fire & Cas. Co.*, 873 F.2d 1338, 1339 (9th Cir. 1989).

In California, "whether a duty of care exists is a question of law for the court." *Fitzpatrick v. Hayes*, 67 Cal. Rptr. 2d 445, 448 (Ct. App. 1997) (citation and alteration omitted). In the usual case, "[i]nsurance [agents] owe a limited duty to their clients, which is only to use reasonable care, diligence, and judgment in *procuring* the insurance requested by an insured." *Pac. Rim Mech. Contractors, Inc. v. Aon Risk Ins. Servs. W., Inc.*, 138 Cal. Rptr. 3d 294, 297 (Ct. App. 2012) (quotation marks and citation omitted). Thus, in *Kotlar v. Hartford Fire Insurance*, 100 Cal. Rptr. 2d 246 (Ct. App. 2000), the California Court of Appeal held that an insurance agent does not owe an insured a general duty to notify him of an insurer's intent to cancel his insurance policy due to nonpayment of premiums. *Id.* at 250. California will impose a special duty beyond this limited duty "when—*but only when*—one of . . . three things happens." *Fitzpatrick*, 67 Cal. Rptr. 2d at 452 (emphasis added).

3

First, California will impose a special duty when "the agent misrepresents the nature, extent or scope of the coverage being offered or provided." *Id.* Moriarty does not allege that Bayside misrepresented the nature, extent, or scope of her husband's life insurance policy. Unlike in *Free v. Republic Insurance*, 11 Cal. Rptr. 2d 296 (Ct. App. 1992), Bayside answered Moriarty's email inquiry with correct information. *Cf. id.* at 297–98. And unlike in *Paper Savers, Inc. v. Nasca*, 59 Cal. Rptr. 2d 547 (Ct. App. 1996), Bayside did not induce Moriarty's husband to purchase the life insurance policy through affirmative misrepresentations. *Cf. id.* at 554.

Second, California imposes a special duty to volunteer certain information regarding additional or different coverage when "there is a request or inquiry by the insured for a particular type or extent of coverage." *Fitzpatrick*, 67 Cal. Rptr. 2d at 452. This exception, by its own terms, doesn't apply here. *Cf. Westrick v. State Farm Ins.*, 187 Cal. Rptr. 214, 217–19 (Ct. App. 1982) (holding that an insurance agent has "an affirmative duty of disclosure" during the sale of an insurance policy if a client's inquiry puts the agent on notice that the policy will not meet the client's unique needs).

Third, California will impose a special duty when "the agent assumes an additional duty by either express agreement or by 'holding [it]self out' as having expertise in a given field of insurance being sought by the insured." *Fitzpatrick*, 67

4

Cal. Rptr. 2d at 452. Bayside did not enter into an express agreement with the Moriartys to tell them about the status of the life insurance policy. Its statement that it was "trying to have a team follow up on status" was not an express agreement to do so. Nor did Bayside hold itself out as a life insurance expert. Unlike in *Murray v. UPS Capital Insurance Agency, Inc.*, 269 Cal. Rptr. 3d 93 (Ct. App. 2020), Bayside does not specialize in the type of insurance at issue, *cf. id.* at 110, and Moriarty does not otherwise show that Bayside held itself out as a life insurance expert.

Moriarty also argues that Bayside owed her a duty because of their "special relationship." But Moriarty has not shown that Bayside was in a more "unique position" than the typical insurance agent to protect her or her husband from injury. *See Brown v. USA Taekwondo*, 483 P.3d 159, 166 (Cal. 2021). Finally, Moriarty argues that the panel should impose an affirmative duty on Bayside under *Rowland v. Christian*, 443 P.2d 561 (Cal. 1968). But the California Supreme Court recently held in *Brown v. USA Taekwondo*, 483 P.3d 159, that "[t]he multifactor test set forth in *Rowland* was not designed as a freestanding means of establishing duty, but instead as a means for deciding whether to limit a duty derived from other sources." *Id.* at 166.

Thus, as the district court found, Moriarty's professional negligence and negligent misrepresentation claims fail because she has not established an essential

5

element—duty. *See Ericksson v. Nunnik*, 120 Cal. Rptr. 3d 90, 100 (Ct. App. 2011); *Eddy v. Sharp*, 245 Cal. Rptr. 211, 213 (Ct. App. 1988).[1]

**AFFIRMED.**

---

[1] Because Moriarty fails to establish that Bayside assumed any special duty, we need not reach her argument that under *Biakanja v. Irving*, 320 P.2d 16 (Cal. 1958), Bayside's duties to her husband extend to her as the sole beneficiary of her husband's life insurance policy.